**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0224-15T1

LESLIE CAVRELL,

    Plaintiff-Respondent,

v.

STEVEN FUTTERKNECHT,

    Defendant-Appellant.

_____

Submitted December 6, 2016 — Decided April 27, 2017

Before Judges Messano and Espinosa.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-885-11.

Steven Futterknecht, appellant pro se.

Leslie Cavrell, respondent pro se.

PER CURIAM

Plaintiff Leslie Cavrell and defendant Steven Futterknecht were married in 1987 and subsequently divorced. The May 15, 2012 final judgment of divorce incorporated a negotiated Matrimonial Settlement Agreement (MSA), in which defendant agreed to pay $12,500 per month in permanent alimony to plaintiff. We have no

reason to detail the litigious history that has ensued, except to note that plaintiff's motions to enforce provisions of the MSA have been numerous and usually granted.

In February 2013, the parties entered into a consent order in which defendant reaffirmed his agreement to pay plaintiff the same monthly alimony contained in the MSA. Nevertheless, shortly thereafter, defendant moved for a downward modification. He contended his business, AMI Property Services, which rehabilitated and sold foreclosed properties, had thrived during the country's economic downturn in 2009 and 2010, but had earned significantly less money after the economy rebounded.

In his July 18, 2013 order, the Family Part judge denied without prejudice defendant's request for a reduction in alimony; found defendant had violated plaintiff's rights under the MSA; ordered defendant to comply fully with his alimony and child support obligations; and awarded plaintiff counsel fees. In November, defendant filed another motion for a downward modification of his alimony obligations.

Defendant's motion and plaintiff's cross-motion were heard before a different judge on two separate dates in January 2014. The judge entered an order on June 2, 2014, denying defendant's request for a downward modification based on changed circumstances, and granting plaintiff's motion to compel

2

defendant's compliance with the MSA and the July 2013 order. The judge denied plaintiff's request to arrest defendant for his failure to make the required payments and payments on arrearages, but her order compelled defendant to make all required payments within two weeks with enforcement to proceed through probation.

In a short written opinion that accompanied the order, the judge found defendant's "circumstances in the current motion in many respects are not markedly different" from those he presented in the earlier 2013 motion. She concluded, "[t]he only real change since the application rejected by [the prior judge] is the passage of more time, during which defendant apparently decided that his best economic course of action was still to continue operating his business and hoping to be restored to his former financial success."

On June 9, 2014, the judge entered an enforcement order that, among other things, fixed defendant's arrearages at $151,245.65 and ordered him to make a lump sum payment of $32,494.04 within one week. Defendant moved for reconsideration of the June 2 and June 9 orders (the June 2014 orders) and a stay. The judge denied the requests by order dated July 30, 2014.

Nearly one year later, on May 26, 2015, defendant moved to: vacate the June 2014 orders pursuant to Rule 4:50-1 and 4:50-3; vacate "and/or stay[]" all enforcement orders entered thereafter

and any provisions of those orders requiring the issuance of bench warrants for failure to pay; and vacate any alimony obligation entirely and all arrearages because they were "fraudulent and fictitious." Defendant contended his due process rights were violated because the orders were filed five months after oral argument. He also asserted that, despite finding merit to his request on the record, the judge refused to grant him a plenary hearing and failed to appoint an independent forensic accountant or otherwise undertake an independent review of two "banker's boxes" of receipts and financial data defendant furnished in support of his November 2013 motion for modification.[1] Defendant argued the June 2014 orders should be vacated pursuant to <u>Rule</u> 4:50-1(c), (d), (e) and (f).

A third Family Part judge considered defendant's motion and denied all requested relief in a July 28, 2015 order. In a short written statement of reasons, the judge relied upon the prior judge's "well-reasoned opinion" which accompanied the June 2014 orders and her denial of defendant's request for reconsideration of those orders. The judge would "not permit 2015 relitigation of 2014 financial issues." The judge found defendant failed to

---

[1] In his brief, defendant characterized the judge's conduct as "fraud and deception," and accused plaintiff and her attorney of misconduct and "fraud on the court."

A-0224-15T1

assert any change in his financial circumstances since June 2014, and also rejected any challenge to the enforcement orders. Defendant moved for reconsideration, which the judge denied by order dated August 14, 2015.

Defendant filed this appeal from the July 28 and August 14, 2015 orders. He argues the judge abused his discretion by not vacating the June 2014 orders and all subsequent orders because those orders were filed six months after the hearings in January 2014.[2] Defendant also contends the judge failed to make adequate findings of fact and conclusions of law pursuant to Rule 1:7-4. Additionally, defendant argues the judge abused his discretion by not vacating defendant's monthly alimony obligation and $259,999.26 in arrearages as of the July 28, 2015 order.

We have reviewed these contentions in light of the record and applicable legal standards. They lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following.

"The trial court's determination under [Rule 4:50-1] warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). There is an abuse of

---

[2] The actual delay between the hearings and the orders was five months.

discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Ibid. (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Reconsideration is "a matter within the sound discretion of the Court, to be exercised in the interest of justice." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Governed by Rule 4:49-2, reconsideration is appropriate for a "narrow corridor" of cases in which either the court's decision was made "upon a palpably incorrect or irrational basis," or where "it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid. (quoting D'Atria, supra, 242 N.J. Super. at 401).

The judge did not mistakenly exercise his discretion in this case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0224-15T1