NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2619-15T4
GEORGE M. RING and
DOROTHY A. RING,

 Plaintiffs-Appellants,

v.

MEEKER SHARKEY ASSOCIATES,
LLC,

 Defendant-Respondent,

and

WILLIS OF NEW JERSEY, INC.,

 Defendant.

________________________________________________________________

 Argued September 7, 2017 – Decided September 26, 2017

 Before Judges Rothstadt and Vernoia.

 On appeal from the Superior Court of New
 Jersey, Law Division, Ocean County, Docket
 No. L-0760-13.

 Ryan Milun argued the cause for appellants
 (The Killian Firm, attorneys; Mr. Milun and
 Eugene Killian, Jr., on the briefs).

 Alyse Berger Heilpern argued the cause for
 respondent (L'Abbate, Balkan, Colavita &
 Contini, LLP, attorneys; Ms. Heilpern, of
 counsel and on the brief).
PER CURIAM

 Plaintiffs, George M. Ring1 and his wife Dorothy A. Ring

appeal from the Law Division's February 9, 2015 order dismissing

their complaint on summary judgment entered in favor of defendant

Meeker Sharkey Associates, LLC (MSA), plaintiffs' homeowners

insurance broker. The complaint asserted claims of professional

negligence against MSA and defendant Willis, N.A.,2 plaintiffs'

flood insurance broker, based upon their alleged failure to advise

plaintiffs to secure excess flood insurance.

 Judge Robert A. Fall awarded MSA summary judgment in response

to its motion asking the judge to reconsider his prior decision

denying MSA's earlier motion for that relief. Judge Fall explained

his reasons for reconsidering and granting MSA summary judgment

in a thirty-six page written decision in which he concluded that

Willis and not MSA owed a duty to plaintiffs to determine their

excess flood insurance needs and properly advise them.

 On appeal, plaintiffs argue that there was no reason for the

judge to reconsider his earlier decision denying summary judgment

and that neither the language of plaintiffs' homeowners policy nor

1
 We are advised that Mr. Ring passed away during the pendency
of this matter.
2
 Plaintiffs settled their claim against Willis while this
appeal was pending. We therefore only address plaintiffs'
claims as to MSA.

 2 A-2619-15T4
Willis' role as broker for plaintiffs' flood insurance diminished

MSA's "fiduciary duty" to plaintiffs. We affirm.

 The facts, when viewed in the light most favorable to

plaintiffs, Angland v. Mountain Creek Resort, Inc., 213 N.J. 573,

592 (2013) (citing Brill v. Guardian Life Ins. Co. of Am., 142

N.J. 520, 523 (1995)), can be summarized as follows. In or about

1983 and 1993, plaintiffs purchased two beachfront properties in

Mantoloking that were located in a designated flood zone. They

secured homeowners and flood insurance through MSA's predecessor,

which subsequently went through several mergers and

reorganizations.

 In 2008, plaintiffs moved their account from MSA's

predecessor to Willis. Their account included the homeowners and

flood policies for the Mantoloking properties. Two years later,

plaintiffs transferred only their homeowners policy to a

reorganized version of MSA. They did not transfer their flood

insurance to MSA because MSA did not represent plaintiffs' flood

insurance carrier, Selective Insurance Company.

 As part of plaintiffs' transfer of their homeowners policy,

MSA reviewed plaintiffs' insurance coverage. MSA did not make any

recommendation to plaintiffs about their need for excess flood

insurance even though the difference between the coverage provided

by their homeowners and flood insurance policies combined left

 3 A-2619-15T4
plaintiffs exposed to a substantial gap in the event of a flood.

That gap could have been covered by an excess flood policy.3

Plaintiffs also never asked MSA about the availability of or need

for flood insurance or excess flood insurance.

 Plaintiffs experienced a catastrophic loss in 2012 as a result

of damage caused by Superstorm Sandy. Afterward, plaintiffs

learned that their existing coverage would not cover their entire

loss.

 Plaintiffs filed this action to recover their losses. During

the litigation, on September 19, 2014, Judge Fall denied summary

judgment motions filed by all the parties. He issued a fourteen-

page written decision on that date explaining his reasons for

doing so. In his decision, the judge concluded that because

discovery was ongoing it would be premature to decide whether MSA

owed a duty to plaintiffs to advise them about the excess flood

insurance.

 MSA filed a motion for reconsideration, arguing the judge

erred by overlooking the Supreme Court's decision in Wang v.

3
 In a May 29, 2012 letter sent prior to Superstorm Sandy, MSA
advised plaintiffs that their "homeowners policies specifically
exclude damage caused by flood" and that flood insurance was
available if they were interested in obtaining it through MSA.
The letter advised "[a] flood insurance quote is available upon
request," but no request was ever made. Notices sent with the
policy also advised of the need for adequate flood insurance that
was not included in the homeowners policy coverage.

 4 A-2619-15T4
Allstate Ins. Co., 125 N.J. 2 (1991), which MSA argued established

it did not owe any duty to plaintiffs as to their flood insurance

as a matter of law based on the undisputed facts. In his written

decision, Judge Fall recognized that his earlier opinion did not

expressly address Wang and he presented an extensive analysis of

that case before concluding it was distinguishable from

plaintiffs' action.

 Before turning to the facts in this case, Judge Fall also

reviewed the law applicable to a court's determination of whether

a duty existed. The judge stated that determination is a question

of law to be resolved by the court and that "the legal

determination of the existence of a duty may differ, depending on

the facts of the case." Addressing the undisputed facts, the

judge acknowledged that he "failed to recognize" in his earlier

decision "that there is a marked distinction between the posture

or circumstances of [MSA] and Willis, vis-à-vis their relationship

with plaintiffs, as reflected in the undisputed facts." After

reviewing both relationships, the judge concluded that MSA had no

duty to plaintiffs but that Willis did and there remained a

question of fact as to whether Willis breached its duty.

 We begin by acknowledging the legal principles that guide our

review. We review a judge's decision to grant a motion for

reconsideration filed pursuant to Rule 4:49-2 for an abuse of

 5 A-2619-15T4
discretion. See Palombi v. Palombi, 414 N.J. Super. 274, 288

(App. Div. 2010) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392,

401 (Ch. Div. 1990)). Our review of a judge's grant of summary

judgment is de novo, applying the same standard as the motion

judge, without any deference to the judge's legal conclusions,

especially where, as here, there is no genuine issue of material

fact and "only a question of law remains." Cypress Point Condo.

Ass'n v. Adria Towers, LLC, 226 N.J. 403, 415 (2016).

 Applying those standards, we conclude that Judge Fall did not

abuse his discretion by reconsidering his earlier decision to deny

MSA's motion, and he properly entered summary judgment in favor

of MSA. We affirm substantially for the reasons stated by Judge

Fall in his comprehensive and thoughtful written decision.

 Affirmed.

 6 A-2619-15T4