997 A.2d 1139 (2010)
414 N.J. Super. 274
Michael PALOMBI, Plaintiff-Appellant,
v.
Susan PALOMBI, Defendant-Respondent.
DOCKET NO. A-2189-08T2.
Superior Court of New Jersey, Appellate Division.
Submitted November 5, 2009.
Decided July 8, 2010.
*1141 Einhorn, Harris, Ascher, Barbarito & Frost, Denville, for appellant (Bonnie C. Frost and Michael R. Ascher, on the brief).
Respondent has not filed a brief.
Before Judges AXELRAD, SAPP-PETERSON and ESPINOSA.
The opinion of the court was delivered by
ESPINOSA, J.S.C. (temporarily assigned).
Rule 5:5-4(a) provides that a court should ordinarily grant requests for oral argument on "substantive" motions. In this appeal from six post-judgment orders, Michael Palombi (Michael) argues that he should have been granted oral argument and a plenary hearing because his motions concerned "substantive" issues. Whether a trial court has properly exercised or abused its discretion in denying oral argument does not, however, turn solely on the subject matter of the motion. After considering the circumstances relevant to the denials of oral argument here, we affirm.
Michael and defendant Susan Palombi (Susan) were married in May 1997. They had one child, "Carly,"[1] born in 1989, and Michael adopted Susan's two children from a prior relationship. Michael filed for divorce in July 2005 and Susan filed a counterclaim. Following a three day trial in December 2006, a dual judgment of divorce (JOD) was entered with a written opinion (the JOD opinion) deciding all issues in April 2007. In that decision, the court stated that custody of Carly was not an issue because she was eighteen years old. Nevertheless, the court found that she was not emancipated and required Susan to pay child support because she was still a high school senior and resided with Michael. The JOD also required Michael to pay alimony to Susan.
In January 2009, plaintiff Michael Palombi (Michael) appealed from a series of post-judgment orders entered in this matrimonial case from May through November 2008. The relevant motions and orders appealed from can be briefly summarized[2] as follows:
May 30 and July 24, 2008 orders
Susan filed the first post-judgment motion, asking the court to transfer custody of Carly to her (although there had been no award of custody in the JOD), to terminate her child support obligation, and award her child support. The thrust of Susan's argument was that Michael had moved out of the apartment he had shared with Carly and provided no support for her since January 2008. Michael cross-moved for reimbursement of certain expenses for Carly. The trial court denied both motions, finding that neither party presented sufficient evidence to warrant the relief sought. Because Carly was now nineteen years old, the court concluded that it was her decision to choose where she would live. As to the support issue, the court stated,
Because the parties certify that [Carly] no longer resides with either parent, the court shall terminate child support, although the parties' obligations as to [Carly's] medical and college expenses *1142 remain in effect as per the final judgment of divorce and P.S.A. Defendant's child support obligation is terminated effective April 18, 2008, the date defendant filed her motion.
It was undisputed that Carly no longer lived with Michael.[3] In its written decision, the court explained that no oral argument had been granted because "the parties' submissions were inconclusive" on the financial issues, Carly was capable of making her own choice regarding residence, and, therefore, significant substantive issues were not raised.
On July 24, 2008, the court entered an amended order to adjust Michael's monthly alimony obligation to $1118 to reflect arrears reported by the probation department and to order Susan to make monthly payments of $100 toward her arrears in her child support payments. Michael did not appeal from the court's orders of May 30 and July 24, 2008 until this appeal, as part of his challenge to six post-judgment orders.
August 8, 2008 order
Susan filed a motion to enforce litigant's rights, seeking the enforcement of the May 30 order as well as an award of child support from Michael. The court explained that no oral argument was held because Susan did not request argument and the motion was unopposed. Michael had written to the court, explaining that he had been unable to respond in a timely manner because he was away for his wedding at the time the motion was sent to him and that he was unable to contact the court upon his return because the judge was away. Although viewing the motion as unopposed, the court nevertheless considered the contents of Michael's letter and observed that he did not request an adjournment of the motion to afford him an opportunity to respond properly.
In an extensive written statement of reasons, the court granted Susan's motion to enforce the May 30 order. The court also granted Susan's request for child support, based upon the facts that Carly was not emancipated, was residing with Susan and was supported by her. Because neither party had submitted a case information statement (CIS) as required by Rule 5:5-4(a), the court based the award of $238 per week on the financial information submitted at the time of divorce in April 2007. The court granted in part Susan's request for reimbursement of child support overpayments, limited to any overpayment that occurred as the result of Michael deducting child support from his alimony obligation since April 18, 2008, when Susan's support obligation terminated. The court also granted Susan's request for $204.13 as Michael's proportionate share for Carly's college textbooks in enforcement of the May 30 order. The court denied Susan's remaining requests for reimbursement of medical and other expenses.
August 21, 2008 order
Michael filed a motion to terminate alimony based upon changed circumstances while Susan's motion to enforce litigant's rights was pending. He failed to file either a current CIS or a copy of a prior CIS as required by Rule 5:5-4(a).
His motion rested largely upon his own certification, in which he disagreed with some of the trial court's findings and conclusions in the JOD opinion; asserted that his economic situation had worsened; that he would earn an annual salary of $55,000 in 2008, less than the $112,500 in income imputed to him by the court; that he had *1143 additional financial responsibilities as a result of his re-marriage; and that Susan received a raise every year of her employment with Bear Stearns. He supported his claim of changed financial circumstances with miscellaneous documents that purported to illustrate such change but which failed to present the comprehensive financial information provided by a CIS or sufficient data to permit a comparison of his financial conditions at the relevant times. In addition, Michael submitted a medical history prepared by an orthopedic surgeon, Dr. Robert A. Kayal, regarding his medical condition since 2005 that included a speculative prognosis about Michael's employment-related risk of permanent injury.
In a written opinion, the trial court concluded that Michael's application was insufficient to establish a prima facie case of changed circumstances to warrant further consideration of his motion and discovery. The court explained:
Plaintiff's application is denied because of the insufficiency of his application. He has provided neither his current [n]or his prior C.I.S. and therefore the court has no ability to assess his financial circumstances. Although the letter from Dr. Kayal provides some support for his assertions as to his medical conditions, it appears that the health problems Plaintiff suffers from are largely those he experienced at the time the current support order was entered on April 16, 2007. Plaintiff provides no showing that any recent medical procedures or issues indicate a new condition or how he has experienced a change in his medical conditions from the time of the divorce. Plaintiff's assertions as to how the current economic climate has affected his capacity to earn provide no showing of permanent changed circumstances; nor does he support his assertions with adequate proofs. Plaintiff has therefore made no prima facie showing of changed circumstances, and his application is denied.
[(Emphasis added).]
Susan filed a cross-motion seeking, inter alia, increases in alimony and child support. Her motion was denied in all respects.
The trial court stated that no oral argument was granted because no significant issues were raised due to the "insufficiency of both applications." See R. 5:5-4(a).

November 17, 2008 order
In August 2008, Susan filed a motion to enforce the orders of May 30 and August 8. Michael was granted an adjournment of that motion so that he could file a motion for reconsideration of the August 8 order (which he had not opposed).
In his motion, Michael sought termination of his child support and alimony obligations, and reconsideration of the order compelling him to pay $204.13. Michael submitted a certification that addressed Susan's motion as well as his own motion for reconsideration. He disputed findings made in the JOD opinion and the sufficiency of proof to support the order that he pay $204.13 for a portion of the cost of textbooks for Carly. He also expressed his opposition to paying for Carly's education or transportation costs.
Addressing the court's decision to calculate child support based on the financial information as of the time of divorce because no CIS had been provided, he provided a CIS (dated March 26, 2008), his 2007 tax return, some financial documentation and other miscellaneous items. When viewed in their totality, the documents submitted failed as a substitute for the current and prior CIS required by Rule 5:5-4(a); they did not provide the court with the comprehensive financial information that would allow the comparison necessary *1144 for a modification of financial obligations.
After setting forth the legal standard for reconsideration of a prior order, the trial court set forth in detail the reasons for the denial of Michael's motion and observed that Michael had failed to make the requisite showing for reconsideration of his requests that child support and alimony be terminated. The court noted that while Michael disagreed with the court regarding the sufficiency of the evidence as to where Carly resided, he failed to identify any error of the court. Addressing Michael's request to terminate alimony, the court once again found that Michael had failed to make the requisite prima facie showing of changed circumstances:
He provides no proof that his decrease in income is permanent. He also offers no proof of his efforts to secure income that would permit him to honor his support obligations. Michael simply expects the court to accept his current income as a fait accompli. For all these reasons, the court has no basis for finding that changed circumstances exist here.
As to the textbook reimbursement, the court noted that Michael had the opportunity to oppose reimbursement in the prior motion but failed to do so.
The court explained that oral argument was not granted on either the motion or Michael's cross-motion because the issues were readily resolved by reference to the record, oral argument would not have advanced the court's understanding of the parties' positions, and because Michael requested oral argument in his certification rather than in his notice of motion. The court concluded that its disposition of Michael's cross-motion for reconsideration left the May 30 and August 8 orders intact. Having disposed of Michael's objections, the court granted Susan's enforcement motion.
Michael filed a notice of appeal from the orders dated May 30, July 24, August 8, August 21 and November 17, 2008. Susan's brief was suppressed. Michael presents the following arguments:
POINT I
SIGNIFICANT AND OPPOSING SUBSTANTIVE AND FACTUAL ISSUES WERE RAISED BY THE PARTIES. THE FAILURE OF THE COURT TO GRANT ORAL ARGUMENT OR CONDUCT A HEARING INVOLVING ISSUES OF EMANCIPATION, CHILD SUPPORT, COLLEGE EXPENSES AND ALIMONY WAS AN ABUSE OF DISCRETION.
A. THE COURT'S FAILURE TO GRANT ORAL ARGUMENT VIOLATED THE PROVISIONS OF R. 5:5-4(a).
B. THE COURT BELOW ABUSED ITS DISCRETION BY NOT ORDERING A PLENARY HEARING IN LIGHT OF THE SIGNIFICANT DISPUTED ISSUES EXISTING BETWEEN THE PARTIES.
POINT II
WHETHER OR NOT [CARLY] WAS EMANCIPATED WAS NOT ADDRESSED. THEREFORE ITS DECISION THAT MICHAEL PAY CHILD SUPPORT AND PAY [CARLY'S] COLLEGE EXPENSES WAS ERROR.
POINT III
THE COURT ERRED WHEN IT FAILED TO GRANT MICHAEL'S APPLICATION FOR A PLENARY HEARING ON THE TERMINATION OF ALIMONY AND REDUCTION OF CHILD SUPPORT WHICH WAS BASED UPON A SUBSTANTIAL CHANGE IN CIRCUMSTANCES.
After carefully reviewing the record, we are satisfied that none of Michael's arguments have merit.

*1145 I
A review of the trial court's detailed written statements of reasons for each order in this case reveals the court's patient consideration of each issue that was argued and re-argued by both parties, despite the inartfully articulated and frequently deficient support provided. Michael argues that the trial court abused its discretion in deciding not to grant oral argument on motions that he claims were substantive because they involved issues of emancipation, child support, college expenses and alimony. We disagree.
Rule 5:5-4 states,
[I]n exercising its discretion as to the mode and scheduling of disposition of motions, the court shall ordinarily grant requests for oral argument on substantive and non-routine discovery motions and ordinarily deny requests for oral argument on calendar and routine discovery motions.
This provision has generally been interpreted to require oral argument "when significant substantive issues are raised and argument is requested." Mackowski v. Mackowski, 317 N.J.Super. 8, 14, 721 A.2d 12 (App.Div.1998). The denial of oral argument when a motion has properly presented a substantive issue to the court for decision "deprives litigants of an opportunity to present their case fully to a court." Ibid. We do not retreat from that interpretation of the Rule.
However, the Rule still permits a trial court to exercise its discretion to deny such requests, even in cases involving "substantive" issues. The discretion afforded by Rule 5:5-4(a) is designed to give the judge "the option of dispensing with oral argument . . . when no evidence beyond the motion papers themselves and whatever else is already in the record is necessary to a decision. In short, it is the sole purpose of these rules to dispense with what is regarded as unnecessary or unproductive advocacy." Fusco v. Fusco, 186 N.J.Super. 321, 328-29, 452 A.2d 681 (App.Div.1982). Such advocacy is plainly unnecessary when there is no factual dispute between the parties. Advocacy does not become necessary or productive simply because the parties disagree as to facts, however minor. There are cases in which factual disputes exist, but because a motion is deficient on its face, the motion fails to properly present "substantive" issues to the court for determination. In this case, we review the exercise of discretion in denying oral argument where deficiencies in the motions rendered oral argument unnecessary and unproductive.
The inquiry does not end because the nature of an issue presented can be labeled as pertaining to a substantive issue or because the parties do not agree on all facts. Other circumstances, such as the sufficiency of the supporting facts alleged are also relevant to the exercise of discretion. This is particularly true in the case of motions that seek a modification of financial obligations or reconsideration of a prior order because the movant must satisfy certain requirements before these motions are ripe for decision by the court. See R. 5:5-4(a); R. 4:49-2. When the record presented to the court in support of a motion is deficient on its face to satisfy such requirements, oral argument does not afford litigants an opportunity to cure such evidentiary deficiencies.
A review of the issues presented and the circumstances in each of the motions here shows that the trial court did not abuse its discretion in deciding the motions without oral argument.
As a preliminary matter, the motions here did not all involve genuine "substantive" issues. There were no motions that legitimately called for the court to make a decision on either custody or emancipation. At the time of divorce, the *1146 trial court ruled that custody was not an issue because Carly was eighteen years old. Further, contrary to Michael's assertion that the court never made a finding on this issue, the court also concluded at the time of the divorce that Carly, a high school senior, was not emancipated. No motion was ever filed that explicitly sought a declaration to the contrary.[4] Similarly, Michael's cross-motion decided in the May 30 order[5] failed to raise "substantive" issues because it merely sought reimbursement of expenses that were inadequately documented. The trial court did not abuse its discretion in declining to grant oral argument on these motions.
The order dated August 8 resolved Susan's motion to enforce litigant's rights and her second request for child support. Susan did not request oral argument and Michael did not file opposition to the motion or request an adjournment so that opposition could be filed. There was no abuse of discretion in deciding this motion on the papers. See R. 1:6-2(a) ("The motion shall be deemed uncontested and there shall be no right to argue orally in opposition unless responsive papers are timely filed and served stating with particularity the basis of the opposition to the relief sought.") (Emphasis added).
Therefore, the August 21 order was the first occasion in which the motion judge denied oral argument in a motion filed by Michael that concerned a "substantive" subject matter. That order disposed of Michael's motion to terminate alimony based upon changed circumstances and Susan's cross-motion for increases in alimony and child support. Both motions were subject to the mandatory requirements set forth in Rule 5:5-4(a):
When a motion or cross-motion is brought for the entry or modification of an order or judgment for alimony or child support based on changed circumstances, the pleading filed in support of the motion shall have appended to it a copy of the prior case information statement or statements filed before entry of the order or judgment sought to be modified and a copy of a current case information statement.
[(Emphasis added).]
As we have stated,
This mandate is not just window dressing. It is, on the contrary, a way for the trial judge to get a complete picture of the finances of the movants in a modification case. This is important because the movant bears the initial burden in such a case under Lepis v. Lepis, 83 N.J. 139, 416 A.2d 45 (1980).
[Gulya v. Gulya, 251 N.J.Super. 250, 253-54, 597 A.2d 1098 (App.Div.1991).]
However, neither Michael nor Susan submitted either a current CIS or indeed, any CIS, with their motions. Therefore, neither party presented an adequate factual basis for the court to assess essential facts necessary to a determination of the issues presented. Oral argument could not have cured these defects in their motions[6] because "facts which are neither of record, judicially noticeable, nor stipulated, [that a party attempts to present] by way of . . . oral argument . . . do not constitute cognizable facts." Pressler, Current N.J. Court *1147 Rules, comment on R. 1:6-6 (2010); see R. 1:6-2(a); R. 1:6-6. Therefore, it is clear that the denial of oral argument on these motions was an appropriate exercise of the trial court's "option . . . to dispense with.. . unnecessary or unproductive advocacy[,]" Fusco, supra, 186 N.J.Super. at 328-29, 452 A.2d 681, and not an abuse of discretion.
Finally, the order of November 17 decided Michael's cross-motion for reconsideration as well as Susan's motion for enforcement of litigant's rights.
Reconsideration itself is "a matter within the sound discretion of the Court, to be exercised in the interest of justice[,]" D'Atria v. D'Atria, 242 N.J.Super. 392, 401, 576 A.2d 957 (Ch.Div.1990). It is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion, but
should be utilized only for those cases which fall into that narrow corridor in which either 1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence.
[Ibid.]
A motion seeking reconsideration of a prior order is governed by Rule 4:49-2, which requires the movant to explicitly identify the grounds for the motion to fit within that "narrow corridor" in which reconsideration is appropriate:
The motion shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred.
See also Capital Fin. Co. of Delaware Valley, Inc. v. Asterbadi, 398 N.J.Super. 299, 310, 942 A.2d 21 (App.Div.), certif. denied, 195 N.J. 521, 950 A.2d 907 (2008); Cummings v. Bahr, 295 N.J.Super. 374, 384-385, 685 A.2d 60 (App.Div.1996). And, the magnitude of the error cited must be a game-changer for reconsideration to be appropriate. "Said another way, a litigant must initially demonstrate that the Court acted in an arbitrary, capricious, or unreasonable manner, before the Court should engage in the actual reconsideration process." D'Atria, supra, 242 N.J.Super. at 401, 576 A.2d 957 (emphasis added).
Michael's motion failed to make the showing required to initiate the reconsideration process. His certification criticized, often argumentatively, the court's opinions and interpretation of evidence, but failed to identify any arbitrary, capricious or unreasonable error by the court. Significantly, Michael sought reconsideration of the August 8 order, which decided a motion for child support that he had not opposed. The assertions in his certification and the documents submitted, such as the CIS, constituted facts known to him prior to the entry of the order and were not an appropriate basis for reconsideration. See Del Vecchio v. Hemberger, 388 N.J.Super. 179, 188-189, 906 A.2d 1117 (App.Div.2006). Like his failure to comply with Rule 5:5-4(a) in his motions to terminate alimony and child support, Michael's failure to satisfy the threshold requirement of demonstrating that the court acted in an arbitrary, capricious or unreasonable manner in his motion papers was not a defect that could be cured at oral argument. Accordingly, the court was not required to engage in the reconsideration process and oral argument would amount to no more than unnecessary and unproductive advocacy. We find no abuse of discretion in the court's determination that oral argument was unnecessary.[7]
*1148 In summary, the trial court properly decided the August 8 motions without oral argument because none was requested and the motion was unopposed. Although the subject matter of the motions decided in the August 21 and November 17 orders may be considered "substantive" in nature, each of those motions failed to comply with threshold requirements established by Rules of Court for the court to even begin to determine those issues. Moreover, because the deficiencies were evidentiary in nature, they could not be cured at oral argument. Motions seeking reimbursement for expenses that are inadequately supported by evidence similarly suffer from an evidentiary deficiency that cannot be cured at oral argument. Therefore, if it appears from the record and the motion papers that oral argument in such cases would be both unnecessary and unproductive, the court may exercise its discretion to deny oral argument even if the motion can be labeled as concerning a "substantive" issue.

II
Michael contends that the trial court erred in failing to grant his requests for a plenary hearing on the termination of alimony and reduction of child support. These requests were only made as part of his motions to terminate alimony (August 21 order), and his motion for reconsideration (November 17 order). Not every Lepis application requires a plenary hearing. Harrington v. Harrington, 281 N.J.Super. 39, 48, 656 A.2d 456 (App.Div.), certif. denied, 142 N.J. 455, 663 A.2d 1361 (1995); Lepis, supra, 83 N.J. at 159, 416 A.2d 45.
[T]o be entitled to a hearing on whether a previously-approved support award should be modified, the party moving for the modification "bears the burden of making a prima facie showing of changed circumstances." Specifically, the party seeking modification of an alimony award "must demonstrate that changed circumstances have substantially impaired the ability to support himself or herself."
[Crews v. Crews, 164 N.J. 11, 28, 751 A.2d 524 (2000) (citations omitted).]
See also Miller v. Miller, 160 N.J. 408, 420, 734 A.2d 752 (1999).
As a necessary and preliminary step to meeting this burden, a movant is required to submit both a current and a prior CIS. R. 5:5-4(a). However, Michael failed to submit any CIS with his motion to terminate alimony. The court observed in denying this motion, "He has provided neither his current [n]or his prior C.I.S., and therefore the court has no ability to assess his financial circumstances." Notwithstanding this fatal flaw in Michael's application, the court still reviewed his submission and concluded that he had failed to make a prima facie showing of changed circumstances, a decision with which we concur.
Although the court explained that Michael's initial motion was defective because he had provided "neither his current [n]or his prior C.I.S.," his motion for reconsideration suffered from the same deficiency. Only one CIS, five-months old, was submitted. Again, despite this defect, the court reviewed his submission and noted that no proof had been provided to show *1149 that any change in circumstances was permanent. See Lepis, supra, 83 N.J. at 151, 416 A.2d 45. We agree that Michael failed to demonstrate a prima facie case of changed circumstances that would have entitled him to a plenary hearing.
Affirmed.
NOTES
[1] A fictitious name is used to protect the privacy of the minor.
[2] For the purposes of this appeal, it is unnecessary to discuss all the relief requested in these motions, and so, we limit our discussion to the issues of custody, child support, college expenses, emancipation and alimony.
[3] In his certification, Michael acknowledged that Carly was living with her boyfriend and stated that he was continuing to pay for an apartment so that she would have a place to go in the event that arrangements did not work out.
[4] For these reasons, the argument in Point II of Michael's brief lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).
[5] Susan's motion sought a "change of custody," child support and reimbursement for certain expenses. No substantive issue was presented as to custody, however, because custody was no longer an issue in the case. As for the reimbursement of expenses, the court found Susan's proofs inconclusive. Susan's child support obligation was terminated because both parties certified that Carly was not living with either parent.
[6] Susan's cross-motion was also denied in all respects.
[7] In stating his reasons for denying oral argument, the motion judge noted that Michael failed to request oral argument in the manner required by the Rules of Court. See R. 1:6-2(d) ("[N]o motion shall be listed for oral argument unless a party requests oral argument in the moving papers or in timely-filed answering or reply papers, or unless the court directs.") Because Michael's motion for reconsideration was substantively deficient on its face, we need not address whether denial of oral argument for a failure to strictly adhere to the Rules would constitute an abuse of discretion.