**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3741-15T1

FREEDOM MORTGAGE CORPORATION,

    Plaintiff-Respondent,

v.

DWAYNE R. SMITH,

    Defendant-Appellant.

_____

Submitted May 2, 2017 — Decided July 21, 2017

Before Judges Rothstadt and Sumners.

On appeal from Superior Court of New Jersey,
Chancery Division, Union County, Docket No.
F-009024-12.

Dwayne Smith, appellant pro se.

Pluese, Becker, & Saltzman, L.L.C., attorneys
for respondent (Stuart H. West, on the brief).

PER CURIAM

    In this residential mortgage foreclosure action, a writ of
execution was entered on May 23, 2013, and the residence was sold
to plaintiff Freedom Mortgage at a Sheriff's sale on December 11,
2013.  On April 7, 2016, the Chancery Division denied defendant

Dwayne Smith's motion to vacate the final judgment of foreclosure and to dismiss the complaint. In a statement of reasons issued with the order, Judge Joseph P. Perfilio explained the motion was treated as one for reconsideration under Rule 4:49-2 because of previous orders denying similar relief. He found that the motion was untimely because defendant had not filed it within twenty days after service of the prior orders. As to the merits, the judge determined defendant's contentions were without factual and legal merit. The judge noted defendant failed to establish that the prior decisions were palpably incorrect or based on an irrational manner.

On appeal, defendant contends the court abused its discretion in refusing to vacate the final judgment and dismiss the complaint. In particular, defendant argues that he is entitled to relief because there are "open [] tax, water, and utility bills . . . in [his] name, but more importantly there is no new deed recorded, [he] is receiving monthly statements from plaintiff, and plaintiff is still paying private mortgage insurance."

We review the court's denial of reconsideration only for abuse of discretion. Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 462 (App. Div.), certif. denied, 174 N.J. 544 (2002). Reconsideration is "a matter within the sound discretion of the [c]ourt, to be exercised in the interest of justice."

A-3741-15T1

Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Governed by Rule 4:49-2, reconsideration is appropriate for a "narrow corridor" of cases in which either the court's decision was made upon a "palpably incorrect or irrational basis," or where "it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid. (quoting D'Atria, supra, 242 N.J. Super. at 401).

We have considered defendant's arguments in light of the record and applicable legal principles and conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We discern no abuse of discretion in this case, and affirm substantially for the reasons expressed by Judge Perfilio's well-reasoned statement of reasons.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION