<div style="border:1px solid black; padding:10px;">

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4588-15T1

MATTHEW A. PELUSO,

    Plaintiff-Appellant/
Cross-Respondent,

v.

MORTON BARNETT, individually,
and in his capacity as owner
of BARNETT REALTY; and BARNETT
REALTY,

    Defendants-Respondents/
Cross-Appellants.

_____

Argued May 23, 2018 — Decided June 26, 2018

Before Judges Koblitz, Manahan and Suter.

On appeal from Superior Court of New Jersey,
Law Division, Hunterdon County, Docket No. L-
0272-14.

Matthew A. Peluso, appellant/cross-respondent,
argued the cause pro se.

Jerrold Kamensky argued the cause for
respondents/cross-appellants (Kamensky, Cohen
& Riechelson, and Gerald B. Schenkman,
attorneys; Gerald B. Schenkman and Jerrold
Kamensky, on the brief).

PER CURIAM

This matter arises out of a hotly-litigated landlord-tenant relationship between plaintiff-lawyer and tenant, Matthew Peluso, and landlords, Morton Barnett, aged eighty-five, and Barnett Realty. We affirm on the appeal and cross-appeal.

It all began in October 2012 when Hurricane Sandy toppled the landlords' tree onto plaintiff's car, which was parked in the apartment lot. Plaintiff's "totaled" car was left occupying one of two dedicated parking spots in the small lot. Plaintiff asked for his $500 insurance deductible to be paid by defendants as a condition for removing his car, which defendants declined. After a year and half and repeated requests that plaintiff remove the vehicle from the premises, defendants had the car towed to a nearby gas station. In response, plaintiff sent a letter to the gas station owner warning him not to discuss the car with defendants or perform any work or maintenance on the vehicle and threatening criminal charges.

Upon learning of plaintiff's letter, defendants served plaintiff with an eviction notice. In response to the eviction notice, plaintiff paid all past due rent and sent a letter to defendants threatening to file suit. Plaintiff asked defendants to return his vehicle or pay the $500 purchase price. When defendants finally offered to pay $500, plaintiff declined the offer, and filed a complaint alleging the following claims: (1)

A-4588-15T1

breach of contract; (2) consumer fraud; (3) conversion and civil theft; (4) property damage; (5) breach of contract — tenancy; (6) common law fraud; and (7) wrongful eviction.

After suit was initiated, plaintiff evaded defendants' repeated attempts to schedule his deposition. On December 11, 2014, the court ordered plaintiff to schedule his deposition on a date of his choosing in February 2015. Plaintiff did not comply with this order and subsequently postponed multiple deposition dates that had been noticed by defendants. Plaintiff asserted that the December 11, 2014 order was mooted by subsequent motions that were filed by both parties in February 2015.

On April 22, 2015, defendants filed a motion to compel plaintiff's deposition and additional discovery. Plaintiff filed a cross-motion, asking the court to (1) deny defendant's motion to compel; (2) compel defendants to produce their answers to interrogatories and other relevant discovery; (3) schedule the parties' depositions after defendants provided responsive discovery; and (4) award attorney fees. On May 7, 2015, defendants filed a twenty-page reply brief, outlining the history of the case, plaintiff's failures to provide discovery and plaintiff's alleged violations of the Rules of Professional Conduct (RPC).

On June 18, 2015, the court granted defendants' motion to compel plaintiff's deposition and discovery. The court ordered

that plaintiff and defendants appear for deposition on July 10, 2015, and that plaintiff provide information "corroborating his unavailability to attend prior depositions."

On July 9, 2015, plaintiff filed a motion seeking to: (1) disqualify the court from any further involvement in this case; (2) vacate the June 18, 2015 orders by the court; (3) quash defendants' July 10, 2015 deposition notice; (4) compel defendants and their counsel to provide plaintiff with all information, documentation and tangible things in their possession relevant to this matter, including all alleged photographs, tape and video recordings of plaintiff and all reports by the alleged private investigators; (5) stay all depositions pending defendants' compliance with the prior request; (6) reconsider and grant plaintiff's prior motion for a protective order; and (7) award attorney fees. On July 30, 2015, defendants filed a cross-motion asking the court to: (1) dismiss plaintiff's complaint with prejudice; (2) award counsel fees; (3) compel discovery; and (4) issue a summary contempt order against plaintiff.

On September 16, 2015, the court entered an order dismissing the complaint without prejudice and ordered plaintiff to appear for a deposition within thirty days of the order as a precondition to reinstate the complaint. The court ordered defendants to give plaintiff three dates to choose from for his deposition. We denied

plaintiff's motion for leave to appeal this interlocutory order on November 16, 2015.

Plaintiff did not appear for his deposition. As a result, defendants filed another motion on October 22, 2015, seeking to dismiss plaintiff's complaint with prejudice for failure to comply. Plaintiff filed no timely substantive opposition to the motion.

Having not received opposition, the court informed the parties by letter on December 1, 2015, that the matter would be decided on the adjourned December 4, 2015 return date. Plaintiff objected, requesting that he be given the opportunity to file opposition and appear for oral argument. Given the significance of the motion and relief sought, the court carried the motion again. The court granted defendants' motion to dismiss plaintiff's complaint with prejudice on December 23, 2015.

Plaintiff filed for reconsideration of the dismissal, which was granted by the motion court on March 14, 2016. The court vacated the dismissal with prejudice, and instead mandated that plaintiff pay $16,819.31 in attorney's fees and costs as a condition for reinstating the complaint. A judgment in that amount was also entered against plaintiff. The court denied without prejudice defendants' requests for sanctions for frivolous litigation pursuant to Rule 1:4-8, and that plaintiff be held in

contempt and referred to the ethics committee. A May 16, 2016 order denied plaintiff's subsequent motion for reconsideration of the court's March 14, 2016 order and denied defendants' request that plaintiff's conduct be reported to the Prosecutor and the District XIII Ethics Committee. Defendants filed a motion for sanctions, contempt findings and misconduct referrals, which was denied by the court on August 10, 2016 for the reasons placed on the record on August 5. Plaintiff appeals from the May 16, 2016 denial of further reconsideration. Defendants cross-appeal from the August 10, 2016 denial.

We review an award of attorney's fees for abuse of discretion. Noren v. Heartland Payment Sys., Inc., 448 N.J. Super. 486, 497 (App. Div. 2017). Determinations regarding attorney's fees will be disturbed "only on the rarest of occasions, and then only because of a clear abuse of discretion." Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009).

A court may award attorney's fees incurred in connection with a motion to compel discovery pursuant to Rules 4:23-1(c) and 4:23-2. Rule 4:42-9(b) provides that an application for counsel fees shall be supported by an affidavit addressing pertinent factors, including those in RPC 1.5(a), and shall include the amount of fees and disbursements sought. RPC 1.5(a) states that a "lawyer's fee shall be reasonable" in all cases, not just fee-shifting cases.

RPC 1.5(a) lists the eight "factors to be considered in determining the reasonableness of a fee." The motion court carefully reviewed each of the factors and placed its findings on the record.

Plaintiff appeals from the denial of his motion to reconsider the award of counsel fees. We review the court's denial of reconsideration for abuse of discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). Reconsideration is "a matter within the sound discretion of the [c]ourt, to be exercised in the interest of justice[.]" Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

Governed by Rule 4:49-2, reconsideration is appropriate for a "narrow corridor" of cases in which either the court's decision was made upon a "palpably incorrect or irrational basis," or where "it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid. (quoting D'Atria, 242 N.J. Super. at 401).

Judge Michael F. O'Neill exercised great patience and temperance throughout this overheated litigation. He did not abuse his discretion in denying reconsideration of the award of counsel fees, nor in denying defendants' application for sanctions or a judicial referral. See Code of Judicial Conduct, Canon 3.15(B). We affirm substantially for the thorough reasons placed

on the record by Judge O'Neill on May 13 and August 5, 2016. Any remaining arguments made by the parties are without sufficient merit to require a written discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION