**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3617-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SHIRLEY GREEN,

    Defendant-Appellant.

_____

Submitted May 9, 2018 — Decided July 19, 2018

Before Judges Alvarez and Currier.

On appeal from Superior Court of New Jersey,
Law Division, Cape May County, Municipal
Appeal No. 04-04-16.

Shirley Green, appellant pro se.

Thomas D. Keywood, attorney for respondent.

PER CURIAM

Defendant Shirley Green appeals a November 29, 2016 Law Division decision, after a trial de novo, re-imposing a $10,000 municipal fine. See R. 7:13-1. Green filed her notice of appeal to our court on April 26, 2017. An amended notice followed, dated May 17, 2017. Pursuant to Rule 2:41(a), however, appeals must be

filed within forty-five days of the issuance of an order. Thus, her appeal is dismissed.

According to the record of the 2015 municipal trial, Green failed to obtain a permit before installing a concrete pad beneath a non-conforming trailer on her property, failed to comply with the stop work notice she was served once Township officials discovered the omission, and ultimately, failed to correct the violations after a full-blown municipal court trial and appeal to the County Construction Board of Appeals. The penalty was imposed by a municipal court judge after a lengthy separate proceeding in 2017.

Despite being a self-represented litigant, Green is still subject to the same rules. Even if we were to liberally construe the appeal as being made from the denial on March 1, 2017, of her reconsideration application, it is still out of time. Finally, were we to consider the merits of the appeal of the reconsideration order despite its untimeliness, the appeal would be denied. We repeat Green's claims of error for the sake of completeness:

> THE PLAINTIFF VIOLATED THE FUNDAMENTAL NOTIONS OF DUE PROCESS IN FAILING TO AFFORD THE DEFENDANT REASONABLE NOTICE THAT JUDGE GARRABRANT INTENDED TO:
>
> A.     DECLARE A "MISTRIAL" OF DEFENDANT'S ONGOING 5 WILEY STREET TRIAL.

A-3617-16T4

> B.   CO-MINGLE DEFENDANT'S 2215 RTE 9 S.,
>      WHITESBORO, NJ CASE WITH DEFENDANT'S 5
>      WILEY STREET TRIAL.
>
> C.   FAILED TO UPHOLD PROMISE THAT A SEPARATE
>      TRIAL WOULD BE HELD FOR SPECIAL TICKETS
>      0506 SC 8102 AND SC 8103. MAILED
>      09/08/2015.
>
> <u>COURT IMPOSED WRONGFUL $10,000 FINE</u>
>
> D.   BASED ON FALSE PHOTOS, FALSE
>      CERTIFICATION AND
>
> E.   BASED ON FALSE VIOLATIONS
>
> F.   BASED FALSE TESTIMONY
>
> G.   PROSECUTOR FILED FALSE CERTIFICATION

Green's arguments are without merit and do not warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1).

As the judge who rendered both Law Division decisions noted, reconsideration is governed by <u>Rule</u> 4:49-2. Such motions must specify "the matters or controlling decisions which [the movant] believes the court has overlooked or as to which it has erred." In other words, reconsideration is granted only when the court's decision is "palpably incorrect or irrational," or ignores material evidence. <u>Palombi v. Palombi</u>, 414 N.J. Super. 274, 288 (App. Div. 2010) (citation omitted). We review those decisions to determine whether an abuse of discretion has occurred. <u>D'Atria v. D'Atria</u>, 242 N.J. Super. 392, 401 ("Reconsideration is a matter within the sound discretion of the [c]ourt, to be exercised in the

interest of justice."). Our review of the record indicates no such abuse of discretion. Green did not present the judge with evidence of a fraud by municipal zoning officials. Claims of fraud are the heart of Green's defense at all the proceedings, including this appeal.

The Law Division judge observed that when Green attempted to obtain a permit for the installation of the concrete pad, she was advised the trailer was a non-conforming use and that she needed a variance. That seemingly ended her efforts at correcting the situation. A minimum of eighteen weeks passed before the matter was heard. Having received an unfavorable decision in the municipal court trial, Green appealed the matter to the County Board of Appeals. She agreed to waive the statutory quorum on her hearing date. When that decision was also unfavorable, Green took issue with the process, claiming that the County Construction Board of Appeals action was a nullity. During the contentious separate proceeding on the amount of the penalty, Green accused the municipal court judge of being biased against her because she was paid by the municipality.

When Green appealed to the Law Division, she demanded a change of venue and alleged the zoning officers had presented fraudulent proofs in the original proceeding. She merely reiterated the claims on her argument for reconsideration. Thus, the judge found

Green failed to submit any new information, arguments, or law, and held that the prior decision was not arbitrary, capricious, or unreasonable. He even took a recess to have Green meet with township officials in a last-ditch effort to settle the matter nearly two years after it began. Since the matter did not resolve, the judge had no choice but to reaffirm the penalty, which the township had calculated correctly based on N.J.S.A. 52:27D-138(a)(3). Therefore, the judge did not abuse his discretion in failing to grant reconsideration.

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION