**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5386-16T3

ANTHONY UDECHUKWU,

    Plaintiff-Appellant,

v.

ESTHER UDECHUKWU,

    Defendant-Respondent.

_____

        Submitted January 8, 2019 – Decided February 7, 2019

        Before Judges Vernoia and Moynihan.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-0538-01.

        Ejike Uzor, attorney for appellant.

        Esther Udechukwu, respondent pro se.

PER CURIAM

Plaintiff Anthony Udechukwu[1] appeals from a Family Part judge's order denying his motion for reconsideration of an order entered by another Family Part judge on September 4, 2015, that required him to sign a drafted qualified domestic relations order (QDRO) and reimburse defendant, Esther Udechukwu, $250 for costs of preparing the QDRO and $2800 for medical expenses associated with defendant's Tevis[2] claims. Plaintiff's motion for reconsideration had been denied in October 2015, but on appeal we remanded to the motion court because the judge did not make findings supporting the denial, R. 1:7-4. Udechukwu v. Udechukwu, No. A-1173-15 (App. Div. Feb. 27, 2017) (slip op. at 2, 4, 6-7). The judge who entered the original order and the order denying the reconsideration motion retired; this motion for reconsideration was heard and decided by Judge Russell J. Passamano, Jr.

---

[1] Plaintiff, Anthony Udechukwu, filed the matrimonial action against his former wife, defendant Esther Udechukwu. In the caption of the September 4, 2015 order and other pleadings in the record, the designations of the parties as plaintiff and defendant are reversed. During oral argument, Judge Passamano recognized that the order requires "defendant" to sign the QDRO and reimburse "plaintiff." Defendant clarified that she was the defendant in the original divorce proceedings, but "became the plaintiff" when she filed the motion to enforce litigant's rights. Judge Passamano found this did not have a substantive impact and that it was clear the parties understood the order.

[2] Tevis v. Tevis, 79 N.J. 422 (1979). Marital tort claims are familiarly known as Tevis claims. See, e.g., Brennan v. Orban, 145 N.J. 282, 305 (1996).

A-5386-16T3

On appeal, plaintiff reprises the arguments made to Judge Passamano:

[POINT I]

PLAINTIFF MET THE STANDARD FOR RECONSIDERATION.

[POINT II]

NO MEETING OF THE MIND[S] IN THE EXECUTION OF THE PROPERTY SETTLEMENT AGREEMENT (PSA).

[POINT III]

THE TERMS OF THE DRAFT QDRO AS PREPARED BY TROYAN INC. CONTRADICT[] THE PARTIES['] ORIGINAL INTENTION.

[POINT IV]

NO PROOF OF ANY DOMESTIC VIOLENCE BY [DEFENDANT].

We are unpersuaded by any of these arguments and affirm substantially for the reasons set forth in Judge Passamano's comprehensive, well-reasoned oral decision.

We review a denial of a motion for reconsideration for abuse of discretion, Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996), which "'arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis,"'" Pitney Bowes

A-5386-16T3

Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). We accord the trial court's findings of facts substantial deference provided they are "supported by adequate, substantial and credible evidence." Cosme v. Borough of E. Newark Twp. Comm., 304 N.J. Super. 191, 202 (App. Div. 1997) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). We also defer to a trial court's discretionary determinations and concomitant conclusions. Pitney Bowes Bank, 440 N.J. Super. at 382-383. We do not, however, give deference to a trial court's legal interpretations. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Judge Passamano correctly applied our prescription in Cummings that

> [r]econsideration should be utilized only for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.
>
> [295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).]

"[I]f a litigant wishes to bring new or additional information to the [c]ourt's attention which it could not have provided on the first application, the [c]ourt

A-5386-16T3

should, in the interest of justice (and in the exercise of sound discretion), consider the evidence." Ibid. (quoting D'Atria, 242 N.J. Super. at 401).

We fully agree with Judge Passamano's conclusion, supported by the record, that plaintiff did not "establish that [the court's] decision was palpably incorrect or irrational or that the judge had failed to appreciate the significance of competent evidence." The judge's thorough review of the evidence supported his determination that plaintiff's argument for reconsideration relied on facts "known and presented to the [c]ourt," and it "was not information that could not have been provided to the [c]ourt on the first application."

Judge Passamano also diligently analyzed the terms of the parties' PSA relating to the QDRO and the settlement of defendant's Tevis claims. His analysis revealed the soundness of the original order – supported by the evidence and consistent with the applicable legal principles – and grounds for the denial of the motion for reconsideration. See Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010) (holding "the magnitude of the error cited must be a game-changer for reconsideration to be appropriate").

Plaintiff offers no basis to reverse the denial of his reconsideration motion. Inasmuch as Judge Passamano rationally explained the reasons for his

denial, consistent with our established standards, we perceive no abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5386-16T3