**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0568-18T3

IL H. RHEE,

      Plaintiff-Respondent,

v.

DANTE JOA,

      Defendant-Appellant.

_____

Submitted September 24, 2019 – Decided October 1, 2019

Before Judges Fisher and Rose.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C-000131-17.

Tomas Espinosa, attorney for appellant.

Becker, LLC, attorneys for respondent (David J. Sprong, on the brief).

PER CURIAM

    Defendant Dante Joa appeals a General Equity Part summary judgment order, which granted declaratory relief to plaintiff Il H. Rhee by rescinding a

stock purchase agreement and returning plaintiff's deposit. Defendant also appeals the subsequent denial of his motion for reconsideration. Finding no merit in defendant's arguments, we affirm.

The genesis of this appeal is the sale of a medical training school, related corporate entities, and a medical trade entity from defendant and the estate of his deceased mother, Martha Cecilia Martinez (Estate) to plaintiff. The Estate was the sole shareholder of the school and related entities; defendant was the sole shareholder of the trade entity.

Under the terms of the agreement, plaintiff agreed to pay $550,000 in exchange for all shares of the school, the related entities, and the trade entity. Plaintiff paid an initial deposit of $150,000 upon signing the agreement; $100,000 of that amount was released to defendant, and the remaining $50,000 was held in escrow by plaintiff's attorney, Jae Y. Young Oh, Esq. The agreement provided Young Oh would release the escrowed funds to defendant after Young Oh obtained ancillary letters of administration[1] for the Estate. Inexplicably, shortly after plaintiff paid the deposit and defendant paid Young Oh to obtain the letters, defendant reversed course and instructed Young Oh "to stop the

---

[1] Before the parties executed the agreement, Martinez died intestate as a resident of the Dominican Republic.

A-0568-18T3

process of obtaining the letter of administration for the [E]state" and return the $50,000 held in escrow to plaintiff.

Accordingly, Young Oh released the escrowed funds to plaintiff. Despite plaintiff's repeated demands and claims that "[their] agreement was null and void," defendant failed to return plaintiff's $100,000 deposit. In May 2017, plaintiff filed a verified complaint for legal and equitable relief, primarily seeking to rescind the agreement and recover his deposit.[2] Defendant filed an answer and asserted various affirmative defenses and counterclaims.

At the close of discovery, plaintiff successfully moved for summary judgment. In a detailed statement of reasons accompanying a July 23, 2018 amended order, the motion judge determined there were no genuine disputes about the material facts that would entitle plaintiff to relief.

In sum, the judge found plaintiff tendered the full deposit; defendant instructed Young Oh to cease all efforts to obtain ancillary letters of administration for the Estate; and those letters of administration were essential to the transaction. The judge elaborated:

---

[2] For reasons which are unclear from the record, after plaintiff filed his complaint, defendant obtained the ancillary letters of administration from the Hudson County Surrogate's Office.

A-0568-18T3

Defendant represented to [p]laintiff that he is the executor for his mother's Will in the Dominican Republic. Obtaining a letter of administration in order for [d]efendant to have legal title to sell shares in the [s]chool was a crucial provision of the [agreement]. Without such authority, [d]efendant did not have the legal right to transfer the [Estate's] shares of stock.

The motion judge also properly rejected defendant's contention that his mother's alleged inter vivos gift of her shares of stock in the school obviated his failure to obtain ancillary letters of administration. In doing so, the judge cited defendant's sworn statements "that the document purported to gift shares of the [s]chool to [d]efendant is a power of attorney authorizing . . . [d]efendant to 'operate' not 'sell' the school."

On September 18, 2018, another judge denied defendant's motion for reconsideration, finding defendant did not demonstrate the first motion judge "acted in an arbitrary, capricious, or unreasonable manner and [did] not substantiate his claim that the [first motion judge] acted irrationally." Notably, the second motion judge rejected defendant's renewed claim that the shares of the school were an inter vivos gift.

Defendant now appeals, raising the following points for our consideration:

I. THE COURT BELOW ERRED IN NOT CONSIDERING THAT [DEFENDANT] MET THE REQUIREMENTS FOR RECONSIDERATION UNDER R[ULE] 4:49-2.

4

II.  THE COURT BELOW ERRED IN LIGHT OF POINT I AND IT SHOULD HA[VE] RECONSIDERED ITS DECISION AND SHOULD HA[VE] DENIED [PLAINTIFF]'S MOTION FOR SUMMARY JUDGMENT.

III.  THE MOTHER OF [DEFENDANT] GIFTED INTER[]VIVO[S] ALL RIGHTS OVER THE SCHOOL, EXISTING AND FOR THE FUTURE TO [DEFENDANT] HER SON.

IV.  THE COURT BELOW WAS INCORRECTLY AND PALPABLY WRONG AND IT APPLIED ANCILLARY JURISDICTION TO THE ESTATE OF [DEFENDANT]'S MOTHER.

V.  THE JURISDICTION THAT GOVERN[S] THE INHERITANCE OF PERSONAL PROPERTY, CHOSE[] IN ACTION IS THE DOMICILE OF THE DECEDENT.

VI.  THE COURT ERRED IN FINDING THAT [DEFENDANT] HAD NO[] STANDING TO BRING THE DAMAGES MADE AGAINST THE SCHOOL AND THE [MEDICAL TRADE ENTITY].

VII.  THE COURT WAS ALSO WRONG IN NOT APPLYING THE DOCTRINE OF RELATING BACK TO THE DATE OF THE AGREEMENT WHEN EVENTUALLY AFTER TAKING FROM [PLAINTIFF'S] ATTORNEY THE DOCUMEN[]TS, BECAUSE THE INACTION OF [PLAINTIFF]'S ATTORNEY, THEN, [DEFENDANT] USED ANOTHER ATTORNEY TO OBTAIN LETTERS OF ADMINISTRATION.

VIII.  THE ANCILLARY JURISDICTION WAS MISCONTRUED BY THE COURT.

We have considered these contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in our written opinion. R. 2:11-3(e)(1)(E). We add the following brief remarks.

Applying our deferential standard of review to the judge's order denying reconsideration, Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016), we affirm substantially for the reasons expressed in the motion judge's cogent rider that accompanied the order. We simply note a motion for reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion . . . ." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010).

When reviewing an order granting summary judgment, we apply "the same standard governing the trial court . . . ." Oyola v. Liu, 431 N.J. Super. 493, 497 (App. Div. 2013). We owe no deference to the motion judge's conclusions on issues of law. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). Even viewing the facts and inferences most favorably to defendant in this case, Rule 4:46; Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014), we discern no genuine issues of material fact.

A-0568-18T3

As the judge aptly recognized, defendant failed "to provide affidavits which not only contradict those submitted by [p]laintiff, but offer credible substantive factual disparities." For those reasons, and the extensive analysis conducted by the judge, we conclude he correctly granted plaintiff's summary judgment motion and affirm for the reasons expressed in his comprehensive written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0568-18T3