**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0820-20

DREW BRADFORD,

    Plaintiff-Appellant,

v.

JENNIFER LEVEY,

    Defendant-Respondent.

_____

Submitted March 7, 2022 – Decided March 23, 2022

Before Judges Messano and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-1210-19.

Drew Bradford, appellant pro se.

Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys for respondent (Richard J. Mirra, of counsel and on the brief).

PER CURIAM

    Plaintiff Drew Bradford appeals pro se from an October 30, 2020 Law Division order, denying his: (1) motion to reconsider the summary judgment

dismissal of the intentional infliction of emotional distress (IIED) count of his third amended complaint against defendant Jennifer Levey; and (2) motions for leave to file sixth and seventh amended complaints. We affirm.

We summarize the pertinent facts from the motion record in a light most favorable to plaintiff as the non-moving party. See R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). We set forth only that portion of the protracted procedural history relevant to this appeal.

The parties were residents of a Bedminster condominium complex; their apartments shared a common wall. On July 1, 2019, the parties executed a settlement agreement resolving two previous lawsuits filed by plaintiff against his prior landlord, related entities, defendant, and other individuals. Plaintiff agreed to release defendant from all claims – including IIED – that occurred prior to "the signing of th[e] release."

Nonetheless, on September 17, 2019, plaintiff filed, pro se, a four-count complaint against defendant, alleging physical assault, negligent infliction of emotional distress, IIED, and tort. The complaint recited multiple incidents between May 2017 and September 8, 2019, during which defendant allegedly disturbed the quiet enjoyment of plaintiff's apartment in various ways. As one notable example, plaintiff claimed defendant "loudly knock[ed] on [his] hollow

metal door at all hours of the night," causing him to awaken and "ingest medicine to correct [his] racing heart."

Defendant thereafter answered plaintiff's complaint and asserted thirty affirmative defenses, including the entire controversy doctrine barred the complaint for "fail[ure] to bring all related claims against this defendant in his prior lawsuit against this defendant." Plaintiff twice amended his complaint, filing his third amended complaint on March 20, 2020. Retaining the same four counts as plaintiff's original complaint, the third amended complaint redacted all alleged incidents prior to July 2019.

In May 2020, defendant moved for summary judgment, apparently seeking dismissal of all counts as a matter of law.[1] Following oral argument, the Somerset County assignment judge issued a compelling statement of reasons, accompanying an August 13, 2020 order. The judge analyzed each of plaintiff's claims in view of the governing law, dismissing the complaint in its entirety.

---

[1] In response to our request for the transcripts of the hearings, plaintiff advised the motion hearings were limited to argument. See R. 2:5-3(b) (providing the transcript of proceedings must not include "legal arguments by counsel unless a question with respect thereto is raised on appeal").

A-0820-20

Pertinent to this appeal, the judge analyzed plaintiff's allegations against defendant in view of the elements of an IIED cause of action and found "the conduct alleged by [p]laintiff simply fail[ed] to rise to the level required to successfully assert a claim for [IIED]."  Citing the Court's decision in <u>Buckley v. Trenton Sav. Fund Soc'y.</u>, 111 N.J. 355, 366-67 (1988), the judge found "[d]efendant's alleged conduct [wa]s not 'extreme and outrageous,' 'atrocious,' or 'utterly intolerable in a civilized community' but rather is harassing and noise-generating behavior stemming from a neighborly dispute."  Accordingly, the judge dismissed the IIED claim.

On August 21, 2020, plaintiff moved for reconsideration of the summary judgment dismissal of his IIED claim and leave to file a sixth amended complaint.[2]  On September 11, 2020, plaintiff moved for leave to file a seventh amended complaint.

Following argument, the assignment judge denied plaintiff's motions.  The judge issued a fourteen-page written statement of reasons, accompanying an October 30, 2020.  Regarding plaintiff's motion for reconsideration, the judge

---

[2]  Apparently, plaintiff had moved for leave to file fourth and fifth amended complaints while defendant's summary judgment motion was pending.  During that timeframe, defendant's motion was improvidently granted and thereafter vacated when the court determined plaintiff had not been served.  Defendant's motion was adjourned several times until the August 13, 2020 return date.

A-0820-20

found plaintiff's "rambling stream of consciousness diatribe" reiterated the "same factual contentions," previously considered by the court.

Nonetheless, the judge thoughtfully considered plaintiff's implicit argument that his "medical and physical disabilities" should be afforded "some deference." Acknowledging those conditions garnered "sympathy from a 'human standpoint,'" the judge found "those circumstances do not change the legal analysis that applies whether the conduct in issue is 'extreme and outrageous' and 'utterly intolerable in a civilized community'" pursuant to the governing law. Buckley, 111, N.J. at 366-67; see also Ingraham v. Ortho-McNeil Pharmaceutical, 422 N.J. Super. 12, 21-22 (App. Div. 2011). The judge concluded plaintiff failed to meet the standard for reconsideration. See Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (recognizing reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion").

Turning to plaintiff's motions for leave to file sixth and seventh amended complaints, the judge considered the "futility of the amendment[s]" under Rule 4:9-1. Regarding plaintiff's application to add a count for civil harassment in his proposed sixth amended complaint, the judge aptly recognized "New Jersey does not recognize a claim for civil harassment." As to plaintiff's proposed

5

seventh amended complaint, the judge noted "some new factual claims" were asserted "but the rambling and duplicative claims appear[ed] to be, for all intents and purposes, indistinguishable from the [s]ixth [a]mended [c]omplaint."  The judge concluded the court afforded plaintiff "more bites at the apple" than it "would normally allow."  This appeal followed.

In his merits brief on appeal, plaintiff raises the following points for our consideration:

> I.  THE TRIAL COURT ERRED WRITING THERE "IS NO COPY OF THE SEVENTH AMENDED COMPLAINT."
>
> II.  THE TRIAL COURT ERRED THAT PLAINTIFF DID NOT ESTABLISH DEFENDANT'S CONDUCT TO BE A PROXIMATE CAUSE OF PLAINTIFF'S EMOTIONAL DISTRESS.
>
> III.   THE TRIAL COURT ERR[ED] WRITING "PLAINTIFF ADMITS THAT DEFENSE COUNSEL ACTUALLY PROVIDED HIM WITH A COPY OF THE DECISION.["]  (INGRAHAM)  (SEE PLAINTIFF'S CERTIFICATION IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE A SECOND [AMENDED] COMPLAINT).  SECOND [SIC], AT ORAL ARGUMENT PLAINTIFF DID NOT ARGUE OR ASSERT THAT HE OPPOSED THE COURT HEARING THE MOTION BECAUSE HE WAS UNABLE TO PERFORM LEGAL RESEARCH).
>
> IV.  THE TRIAL COURT ERRED BY COMMON SENSE SAYING, "PLAINTIFF HAS CHOSEN TO

6

PROCEED AS A SELF[-]REPRESENTED LITIGANT."

V. RATHER THAN BE REPETITIVE, LET US COMBINE THE NEXT TWO ISSUES. THE TRIAL COURT SAYS THAT "THIS ISSUE IS ANOTHER REQUEST FOR THIS COURT TO RECONSIDER PRIOR RULINGS." . . . [SIX]TH & [SEVEN]TH AMENDED COMPLAINTS ARE INDISTINGUISHABLE.

In his reply brief, plaintiff further contends:

1. HONORABLE [ASSIGNMENT JUDGE] AND [DEFENDANT] CONTRADICT IN, AT LEAST ONE JUNCTURE, SINCE THEY BOTH EITHER GRANTED OR PAID IN SETTLEMENT TO [PLAINTIFF] FOR "INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS."

2. [DEFENDANT] REFERS TO THE SETTLEMENT THREE TIMES IN THEIR BRIEF, EVEN FALSIFYING THE SETTLEMENT. THUS, [PLAINTIFF] REFERRED TO THE SAME SETTLEMENT IN HIS LEGAL ARGUMENT # [ONE], AND HE CONTINUES TO HEREIN, TO REBUTE [SIC] [DEFENDANT'S] FALSEHOOD REGARDING THE SETTLEMENT.

3. [DEFENDANT] COMPLAINS OF THERE BEING NO TRANSCRIPT.

4. KNOWING [PLAINTIFF] WAS SUFFERING FROM A HEART CONDITION AND THAT [DEFENDANT'S] NOISE ATTACKS AT ALL HOURS OF THE NIGHT THROUGH A HOLLOW METAL DOOR ONLY [SEVEN] FEET FROM [PLAINTIFF]'S BED WERE CAUSATION OF

7

[PLAINTIFF] SUFFERING HIS HEART TO RACE FOR HOURS, COMPELLED TO INGEST CARDIAC MEDICINES, AND THEN MAKE NUMEROUS TRIPS TO THE CARDIOLOGIST TO HAVE HIS HEART CHECKED, [DEFENDANT] COMMITTED [EIGHTEEN] MORE NOISE ATTACKS, RESULTING IN, "MR. DREW BRADFORD HAVING TACHYCARDIA INDUCED BY NEIGHBOR HARASSMENT REQUIRING [METOPROLOL] THERAPY."

5. DEFENDANT['S] . . . EXAMPLE OF <u>INGRAHAM</u> I[S] APPLES AND ORANGES COMPARED TO PLAINTIFF['S] . . . <u>INGRAHAM</u> [SIC]. THE [IIED] OF [DEFENDANT] FITS THE <u>INGRAHAM</u> CASE.

We have considered plaintiff's contentions in view of the applicable law and conclude they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E). We affirm substantially for the reasons set forth by the judge in his cogent statement of reasons accompanying the October 30, 2020 order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0820-20