# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2017-17T1

KAREN A. LICATO,

      Plaintiff-Respondent,

v.

JEFFREY LICATO,

      Defendant-Appellant.

_____

      Submitted September 24, 2018 – Decided  November 19, 2018

      Before Judges Messano and Rose.

      On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-1027-07.

      Jeffrey Licato, appellant pro se.

      Karen A. Licato, respondent pro se.

PER CURIAM

      Plaintiff Karen Ann Smith, f/k/a Karen Ann Licato, and defendant Jeffrey

Licato were divorced in 2007.  The final judgment of divorce incorporated a

property settlement agreement (PSA), which required defendant to pay support for the parties' two sons, born in 1989 and 1998. The PSA provided: "For the purpose of determining support, income shall be imputed to [plaintiff] in the amount of $20,000[] and to [defendant] in the amount of $114,000[]." The PSA also specifically addressed the costs of post-secondary school education:

> The parties shall be responsible for the expense of each child's post-high school education based upon their ability to pay at the time. The expenses shall include the cost of tuition, applications and other fees, room and board, books, travel costs and a reasonable amount of money for other expenses.
>
> . . . .
>
> In the event that either party alleges that he or she cannot afford the expenses of college or post[-]secondary school for any child, the other party shall be entitled to enforce the terms of this [a]greement in a court of competent jurisdiction.

In November 2016, plaintiff moved to compel defendant to pay college expenses for the younger son, which the judge granted. In his written statement of reasons, citing the above provisions of the PSA, the judge concluded that defendant should pay 80% of the claimed $400 associated with his son's community college expenses "pursuant to the income ratio set forth." The January 20, 2017 order required defendant to make payment within thirty days.

A-2017-17T1

The parties filed cross-motions in February 2017, with defendant seeking a reduction of his responsibility for his son's college expenses. The judge's March 31, 2017 order specifically reserved decision on defendant's request "pending the receipt of the parties' 2016 tax returns." The order provided that "[t]he parties shall be responsible for such costs according to their income ratios from their 2016 tax returns, pursuant to the terms of the PSA."

Motion practice continued, and, in August, after both parties filed updated case information statements, they cross-moved for various relief. Specifically, plaintiff moved to enforce the January 2017 order and have defendant pay 80% of $8332, their son's first semester tuition payment at Temple University.[1] The judge's September 15, 2017 order, filed on September 20, granted plaintiff's request. The only explanation in the judge's written statement of reasons was that "[defendant] ha[d] a continuing duty to support [his son's] higher education at Temple University. Accordingly, the parties shall appear in [c]ourt on

---

[1] The appellate record is incomplete regarding these various motions. Nonetheless, based upon subsequent filings that are part of the record, there was apparent disagreement between plaintiff, defendant and their son as to whether the son should attend Temple University or a less-expensive school. Defendant claimed his strained relationship with his son, and plaintiff's prodding, left him out of the decision-making process and resulted in his son's enrollment at Temple. Additionally, defendant argued that plaintiff had additional assets, including real estate holdings, and an award of damages in a civil suit.

A-2017-17T1

October 13, 2017 and submit all financial documents. Child [s]upport will then be re-calculated accordingly."

Defendant filed a timely motion for reconsideration and requested oral argument. Plaintiff filed opposition. On November 3, the judge denied the motion without argument. After citing appropriate case law, the order provided: "Defendant requests that the [c]ourt reconsider its order [of] September 20, 2017, ordering [d]efendant to pay 80% of [his son's] college expenses. Defendant fails to show that the [c]ourt's decision to order [d]efendant to pay 80% of [the] college expenses pursuant to the Order dated January 2017 is unreasonable."

Defendant now appeals from the September and November orders. He essentially contends that the judge erred by ordering him to pay 80% of his son's college expenses without considering the parties' changed financial circumstances, as demonstrated by the case information statements and other submissions. Defendant also argues that the judge failed to provide an adequate statement of reasons and failed to permit oral argument before deciding the reconsideration motion two weeks before the scheduled date. Lastly, defendant urges us to reverse and remand the matter to be heard before a different judge.

A-2017-17T1

Our limited standard of review requires us generally to defer to the judge's factual findings, but not when those "findings are 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (quoting Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015)). The judge's "legal conclusions, and the application of those conclusions to the facts, are subject to our plenary review." Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013) (citing Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

"When reviewing decisions granting or denying applications to modify child support, we examine whether, given the facts, the trial judge abused his or her discretion." Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012) (citations omitted). "The Family Part's 'substantial discretion' in determining child support applies equally to compelling a parent to contribute to [his/her] child's college costs." Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 588 (App. Div. 2016) (citing Gotlib v. Gotlib, 399 N.J. Super. 295, 308 (App. Div. 2008)). Similarly, "[r]econsideration itself is 'a matter within the sound discretion of the [c]ourt, to be exercised in the interest of justice[,]' D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). It is not appropriate merely

because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010).

Here, it is clear that the judge mistakenly exercised his discretion in entering the September order requiring defendant to pay 80% of the Temple University tuition expenses. Although the January 2017 order related to college expenses, it dealt with a limited, finite request made by plaintiff to have defendant pay his share of a $400 bill for community college expenses. In his March 2017 order, the same judge specifically reserved on defendant's motion for a reduction in his 80% share based upon changed financial circumstances. The judge's order anticipated the parties would file additional financial information. Which, in fact, both parties did.

However, the statement of reasons in support of the September 2017 order fails to demonstrate the judge ever considered the recently-filed financial information, or defendant's arguments in support of modification. Assuming arguendo that defendant had "a continuing duty to support [his son's] higher education," the judge made no findings as to the quantum of defendant's financial obligation, which must consider not only the factors listed in N.J.S.A. 2A:34-23(a), but each parent's financial ability to contribute. See Enrico v. Goldsmith, 237 N.J. Super. 572, 576 (App. Div. 1990) (recognizing that when

A-2017-17T1

deciding each parent's share of college expenses courts should consider "not only . . . current income but . . . property and capital assets"). The judge never addressed whether defendant's claim of estrangement and alienation from the college selection process mitigated that obligation. See Gac v. Gac, 186 N.J. 535, 546-47 (2006) (noting delay and failure to consult in advance about college expenses should weigh against granting the request); but see Finger v. Zenn, 335 N.J. Super. 438, 444-45 (App. Div. 2000) (limiting financially capable parent from unilaterally contributing only to a lower priced university if against child's best interests).

Moreover, while we may not fault the judge for initially using an 80/20 formula[2] to compute the modest award to plaintiff in January 2017, the September order reflects a failure to consider the express terms of the PSA. See Avelino-Catabran, 445 N.J. Super. at 589 (quoting Quinn v. Quinn, 225 N.J. 34, 55 (2016)) ("Absent 'compelling reasons to depart from the clear, unambiguous, and mutually understood terms of the PSA,' a court is generally bound to enforce the terms of a PSA."). In the PSA, the parties agreed each "shall be responsible for the expense of each child's post-high school education based upon their

---

[2] In actuality, defendant's income of $114,000 as noted in the PSA is 85% of the total $134,000 combined income.

A-2017-17T1

ability to pay at the time." (Emphasis added.) In his March 2017 order, the judge expressly reserved on defendant's motion for reduction of his share of college expenses pending receipt of additional financial information, but without explanation, he reverted to the 80/20 formula in deciding the substantial request made by plaintiff regarding the Temple University expenses.

Finally, when defendant brought this oversight to the judge's attention, the judge's failure to reconsider was a mistaken exercise of discretion. As a result, we reverse those provisions of both the September and November 2017 orders that required defendant to pay for his son's college expenses at Temple University, and remand the matter for further proceedings.

Defendant requests that any remand take place before a different judge. We have remanded matters to a different judge in a variety of circumstances. See P.T. v. M.S., 325 N.J. Super. 193, 221 (App. Div. 1999) (discussing cases). However, an adverse ruling does not indicate a judge's bias toward a party and does not afford a reason for disqualification of the judge. Strahan v. Strahan, 402 N.J. Super. 298, 318 (App. Div. 2008).

Here, the judge did not make credibility determinations or resolve factual disputes that might otherwise interfere with a fair and impartial consideration of any evidence adduced at the hearing on remand. We find no reason to require a

8

different judge to conduct the remand, and we leave issues regarding the production of financial information, discovery and the conduct of a plenary hearing, if necessary to resolve factual disputes, to the judge's sound discretion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2017-17T1