**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2092-17T1

PENNYMAC LOAN
SERVICES, LLC,

     Plaintiff-Respondent,

v.

DINA A. CRUZ, her heirs,
devisees, and personal
representatives and his/her,
their, or any of their successors
in right, title and interest, MR.
CRUZ, husband of DINA CRUZ,
his heirs, devisees, and personal
representatives and his/her, their,
or any of their successors in right,
title and interest, CHRISTOPHER
KOHATSU, his heirs, devisees, and
personal representatives and his/her,
their, or any of their successors in
right, title and interest, MRS. KOHATSU,
wife of CHRISTOPHER KOHATSU,
her heirs, devisees, and personal
representatives, and his/her, their, or any of
their successors in right, title and interest,

     Defendants.

_____

Submitted November 27, 2018 – Decided February 28, 2019

Before Judges Rothstadt and Natali.

On appeal from Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. F-032997-16.

Kenneth A. Wanio, attorney for appellant Mohamed Aly.

Blank Rome, LLP, attorneys for respondent (Matthew M. Maher, on the brief).

PER CURIAM

Appellant Mohamed Aly was a successful bidder at a sheriff's sale that the Chancery Division ordered in this foreclosure action filed by plaintiff PennyMac Loan Services, LLC. Aly, however, did not complete the purchase of the subject property because of a mistake. He now appeals from the Chancery Division's October 4, 2017 order holding him responsible for the deficiency between his bid and the property's ultimate sales price and its November 30, 2017 order denying his motion for reconsideration.

On appeal, Aly contends that the orders were entered in error as he was not a defaulting buyer and therefore should not held liable for damages. We disagree and affirm substantially for the reasons stated by Judge Thomas J. LaConte in his oral decisions addressing Aly's motions.

A-2092-17T1

The facts are not disputed and are summarized as follows. The property Aly bid on was a residential two-family home. At the sheriff's sale, when Aly bid $156,000 to purchase the property, it was his understanding that he was bidding on the entire property. As it turned out, the property consisted of two condominium units, and the foreclosure and resulting sheriff's sale only related to one of the units. According to Aly, had he known the foreclosed property was only one unit, he would not have bid.

Aly filed a motion to vacate the bid, explaining his mistake in a supporting certification. He stated that looking at the notice of sale's description of the property and photographs of the building on it, there was no way to discern that only one unit was being auctioned, although he conceded that "there [was] language that might indicate a condominium feature to th[e] property[.]" He also stated that he "underst[ood] that there may be costs associated with [his] mistake." Plaintiff opposed the motion to relieve Aly of his obligations by arguing that he did not establish his entitlement to relief and, even if he did, Aly should be held liable for any deficiency after a subsequent sale.

On October 4, 2017, Judge LaConte considered the parties' oral arguments and written submissions before vacating Aly's bid but holding him liable for any deficiency. In his oral decision, the judge acknowledged that Aly made a good

A-2092-17T1

faith mistake. He next addressed the issue of Aly's monetary liability, noting that Aly himself recognized there would be costs associated with his error. Aly's counsel deferred to the judge on the issue and waived any argument about the proposed form of order being submitted by plaintiff's counsel for the judge's entry at that time.

Judge LaConte entered two orders at the conclusion of the hearing. The first order was in the form proposed by Aly that stated he was "released from his bid," which was "vacated." The second order, which is the subject of this appeal, was the one proposed by plaintiff's counsel. That order stated that the sheriff's sale of the property at which Aly bid was "set aside," and a new sale would be scheduled. The order also addressed Aly's liability by stating that after the new sale, the sheriff would be able to deduct from Aly's bid deposit "all costs and expenses incurred from said sale, and [the sheriff] shall also deduct and pay to the Plaintiff any deficiency between the bid at the second sale and the bid at the first sale." The remainder of Aly's deposit, if any, was to be returned to him. The order also barred Aly from bidding at the new sale.

Aly immediately filed a "motion for reconsideration or clarification." His motion was supported by a letter from counsel in which counsel stated that he and Aly were "under the impression" that Aly was only to reimburse plaintiff

through Aly's deposit for costs associated with running the property from the date of the original sheriff's sale to the new one, but not for any deficiency "between [Aly's] bid and whatever the second bid may be." Counsel contended Aly was not a "defaulting buyer" because he was relieved from his bid due to a mistake and, in any event, "there must be some minimum upset price in the second sale to prevent unfair bidding or non-bidding by the Plaintiff at their option." Plaintiff opposed Aly's motion, arguing that regardless of Aly's good faith error, he remained a defaulting buyer, justifying the earlier order's entry.

Judge LaConte considered the matter on the papers submitted and placed his decision denying Aly's motion on the record on November 30, 2017. In his decision, the judge stated that he considered the law applicable to reconsideration motions, found that Aly did not advance any evidence or law that the judge overlooked when reaching his October 4 decision, and noted that the issue was addressed at the time when he was presented with plaintiff's proposed form of order. The judge observed that considering the "the objective of [a sheriff's] sale is not only to secure the highest and best price for the interested parties, but also to achieve finality in the sale process," and concluded that case law confirmed that the order "conform[ed] with the standard measure

of damages," to which plaintiff was entitled under the circumstances. This appeal followed.

On appeal, Aly asserts the same argument made to the trial judge. He contends that the judge should have reconsidered his decision to hold Aly liable because he was not in default and although he could be held liable for costs, he should not be liable for any deficiency. We disagree.

We review the court's denial of reconsideration only for abuse of discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). Reconsideration is "a matter within the sound discretion of the Court, to be exercised in the interest of justice." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Governed by Rule 4:49-2, reconsideration is appropriate for a "narrow corridor" of cases in which either the court's decision was made upon a "palpably incorrect or irrational basis," or where "it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid. (quoting D'Atria, 242 N.J. Super. at 401).

Applying our limited standard of review, we conclude that the court did not abuse its discretion by denying plaintiff's reconsideration motion because Aly did not satisfy his burden by coming forward with any facts or law that the

6

judge overlooked. The judge's October 4, 2017 order was legally correct and its entry constituted a proper exercise of the judge's discretion.

At the outset, we observe that "[a]s a general rule, courts exercising their equitable powers are charged with formulating fair and practical remedies appropriate to the specific dispute." Kaye v. Rosefielde, 223 N.J. 218, 231 (2015). "While equitable discretion is not governed by fixed principles and definite rules, '[i]mplicit [in the exercise of equitable discretion] is conscientious judgment directed by law and reason and looking to a just result.'" Ibid. (quoting In re Estate of Hope, 390 N.J. Super. 533, 541 (App. Div. 2007)) (alteration in original). Courts of equity have the power to vacate foreclosure sales based on considerations of equity and justice. Crane v. Bielski, 15 N.J. 342, 349 (1954). "[T]he exercise of this power is discretionary. . . ." First Tr. Nat'l Assoc. v. Merola, 319 N.J. Super. 44, 49 (App. Div. 1999) (citing Crane, 15 N.J. at 349).

The power to vacate a foreclosure sale is limited to situations where there is "fraud, accident, surprise, irregularity in the sale, and the like, making confirmation inequitable and unjust to one or more parties." Crane, 15 N.J. at 346 (quoting Karel v. Davis, 122 N.J. Eq. 526, 530 (E. & A. 1937)). "[A] judicial sale is not ordinarily vacated 'on the ground of mistake flowing from [a moving party's] own culpable negligence.'" Merola, 319 N.J. Super. at 49

A-2092-17T1

(quoting Karel, 122 N.J. Eq. at 528). A purchaser at a sheriff's sale is bound despite his or her mistake because "a foreclosure sale[ continues to be] subject to the doctrine of caveat emptor . . . [,]" Summit Bank v. Thiel, 325 N.J. Super. 532, 538 (App. Div. 1998), except for certain situations involving clouds on title. See N.J.S.A. 2A:61-16 (providing relief from a bid if there is a "substantial defect in or cloud upon the title of the real estate sold, which would render such title unmarketable, or . . . [due to] the existence of any lien or encumbrance" which was not appropriately disclosed prior to, or at, the sale). Removing the condition of caveat emptor from judicial sales would have a significant effect on the mortgage industry, real estate investors, and our county sheriffs. See Midfirst Bank v. Graves, 399 N.J. Super. 228, 235 (Ch. Div. 2007) (refusing to grant a successful bidder relief after it discovered significant vandalism to the property upon inspection two days after the sale).

Here, because a bidder is held responsible for his own mistakes, Aly remained a defaulting buyer. Although the judge equitably relieved him of his obligation to complete the purchase, he properly exercised his discretion and subjected Aly to an equitable remedy. See Inv'rs & Lenders v. Finnegan, 249 N.J. Super. 586, 592 (Ch. Div. 1991) ("[t]he measure of damages is the deficiency between the bid at the second sale and the bid at the first, plus the

costs of the first sale including the sheriffs fees for that sale").  There was no abuse of the judge's discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2092-17T1