**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1886-20

ALLSTATE NEW JERSEY
INSURANCE COMPANY,
ALLSTATE INSURANCE
COMPANY, ALLSTATE
INDEMNITY COMPANY,
ALLSTATE PROPERTY AND
CASUALTY INSURANCE
COMPANY, ALLSTATE
NEW JERSEY PROPERTY
AND CASUALTY INSURANCE
COMPANY and ENCOMPASS
INSURANCE COMPANY,

     Plaintiffs-Appellants,

v.

HARRIS C. LEGOME, ESQUIRE,
LEGOME AND ASSOCIATES, LLC,
VINCENT A. CAMPO, ESQUIRE,
MARY ELIZABETH BOGAN,
ESQUIRE, MELISSA KEPHART,
MICHELE D'AMBRA STEPHANIE
PAOLINO and COLLEEN CROSBY,

     Defendants-Respondents.

_____

Argued May 12, 2022 – Decided July 26, 2022

Before Judges Haas, Alvarez and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. L-0859-13.

Michael A. Malia argued the cause for appellants (Peri & Stewart, LLC and Kennedy Vuernick, LLC, attorneys; Michael A. Malia and Douglas M. Alba, on the briefs).

Joseph P. Grimes argued the cause for respondents.

PER CURIAM

Plaintiffs Allstate Insurance Company and its affiliates (Allstate) appeal from a February 11, 2021 final judgment following a November 19, 2020, decision denying Allstate's motion for reconsideration of the court's July 29, 2020 order granting defendants, attorney Harris Legome, his firm, and employees, summary judgment. We affirm, substantially for the reasons set forth in Judge James R. Swift's well-reasoned opinion. We add the following brief remarks.

We discern the following facts from the record. From 2009-2013 defendants successfully litigated 7,000 personal injury protection (PIP) claims on behalf of plaintiffs. As a result, Allstate paid defendants' attorney's fees and cost payments associated with the arbitrations before the National Arbitration

Forum and Forthright.[1] The subject of this appeal is a group of 263 cases in which Allstate paid attorney's fees to defendants under the PIP arbitration system. Approximately seventy percent of these awards were settled prior to arbitration and the other thirty percent represent attorney's fees awards made by the arbitrator. Allstate alleges that defendants violated the New Jersey Insurance Fraud Prevention Act (IFPA), N.J.S.A. 17:33A-1 to -34, and seek the return of $1.1 million consisting of all legal fees and costs paid or ordered to be paid to defendants as the prevailing party against Allstate in PIP arbitrations.

Allstate alleges that defendants engaged in extensive misrepresentation at the time Legome worked on these cases. In his deposition, Legome testified that his secretaries used a fee certification form with pre-filled time entries and work descriptions regardless of whether they accurately reflected actual work. For example, the task of creating a demand for arbitration had a standard time entry of 1 or 1.2 hours irrespective of how accurate that time was. Defendant Melissa Kephart, one of the firm's secretaries, described the process of preparing the fee certifications as going through the existing fee certification file, recreating it,

---

[1] Forthright is the administrator of the New Jersey no-fault PIP arbitration Program.

A-1886-20

copying and pasting as necessary and changing the caption. The other secretaries, defendants Stephanie Paolino, Colleen Crosbee, and Vincent Campo, all testified to using the same template form and copying and pasting. Defendants also admitted to making judgment calls or guessing at how much time was spent on certain activities when they were not working from the template.

Defendants billed $25 for certified mail. Defendant Kephart testified that she did not know if anyone kept track of postage and that she had never actually sent anything by certified mail. Defendant Crosbee testified that no one documented proof of the certified or regular mail charges and, therefore, she did not know if the $25 was accurate or even reflected an actual expense. Allstate also alleges that, at times, defendants billed for more than twenty-four hours in a day and negotiated settlements when Legome was not available. Further, Allstate alleges Legome may not have done any of the work on particular files

4

himself despite the fact that he always signed the fee certifications containing only his name.[2]

On June 11, 2013, Allstate filed a complaint against defendants alleging violations of IFPA, common law fraud, and unjust enrichment. The parties participated in discovery over the next seven years. On May 8, 2020, defendants moved for summary judgment. On July 29, 2020, Judge Swift issued a written decision and order granting defendants' motions and dismissing all of Allstate's IFPA and unjust enrichment claims, and a majority of Allstate's common law fraud claims.[3]

---

[2] Judge Swift emphasized he does not condone any of Legome's alleged misconduct. Nor do we. The issue, however, is not whether Legome did anything unethical or otherwise unlawful, but whether Allstate has stated a viable claim under IFPA or the common law. We therefore must set aside our distaste for the underlying facts and scrutinize Allstate's claims with the same objective lens we apply in any plaintiff's cause of action. It bears noting that despite Allstate's expressed moral outrage at Legome's conduct, it apparently never reported these transgressions to the ethics committee, opting instead to pursue claims for money damages. Regardless, Legome has since been disbarred on unrelated ethics charges.

[3] The remaining claims were for common law fraud for seven settled cases with fee certifications which are not the subject of this appeal.

A-1886-20

On November 19, 2020, the judge denied Allstate's motion for reconsideration.[4]

This appeal followed.

On appeal, Allstate presents the following arguments for our

consideration:

> POINT I
>
> THE TRIAL COURT ERRED BY GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTIONS, DISMISSING PLAINTIFFS' [IFPA] CLAIMS.
>
> A. Standard of Review for Summary Judgment.
>
> B. The Trial Court Misapplied the Law Because Fraudulently Obtained Insurance Company Payments are Actionable Under the IFPA, Which is to be Construed Liberally.
>
> 1. The trial court ignored the IFPA's plain language and incorrectly modified the IFPA.
>
> a. Each IFPA section does not require as a prerequisite a claim for benefits pursuant to or related to an insurance policy.
>
> i. N.J.S.A. 17:33A-4(a)(3)'s plain and ordinary language only requires the Plaintiffs to

---

[4] Because there were several outstanding motions and claims at the time of the July 29, 2020, order, the judge entered a February 11, 2021 consent order disposing of all remaining claims, issues, and parties in order to achieve finality for purposes of appeal.

A-1886-20

prove the Defendants concealed the occurrence of an event which affected the Defendants' initial or continued right or entitlement to (1) any insurance payment or (2) the amount of any payment to which the person is entitled.

ii. The trial court erred by rewriting the IFPA by omitting keywords from N.J.S.A. 17:33A-4(a)(2), and then relying upon that incorrect citation, contrary to the statute's plain and ordinary reading.

2. The trial court failed to construe the IFPA liberally.

C. The Trial Court Erred Because an Insurance Company Can Pursue An IFPA Action Even if the Insurance Company's Payment Is Not Made Pursuant to an Insurance Policy.

D. The Trial Court Erred Because There Was Evidence Creating a Genuine Issue of Material Fact as to Whether PIP Attorney Fee Payments were Made Pursuant to or Related to an Insurance Policy.

1. 2,551 Legome attorney fee certifications seeking payment were pursuant to, in connection with and/or related to a policy of insurance Plaintiffs issued.

2. The Legome Defendants conceded in their briefs in support of summary judgment that

7

Legome's attorneys' fees were pursuant to a liability or indemnity policy.

3. Defendant Crosbee admitted that all Legome attorney fee certifications were prepared or made and intended to be presented to Plaintiffs in support of a claim for payment or other benefit under an insurance policy.

4. Plaintiffs' checks payable to the Legome Defendants were made pursuant to, in connection with and/or related to a policy of insurance.

5. Allstate Analyst Michael Gallagher confirmed that attorneys' fees are paid under the PIP insurance coverage.

6. Plaintiffs' expert, Carl Poplar, Esquire, found sufficient evidence for Plaintiffs to get to a jury on its claims.

7. The Defendants sent demands for arbitration to Plaintiffs which were pursuant to, in connection with and/or related to a policy of insurance issued by the Plaintiffs.

8. Defendants submitted assignment of benefits forms which were pursuant to, in connection with and/or related to an insurance policy.

9. Arbitration awards that awarded the Legome Defendants attorneys' fees and costs were made pursuant to, in connection with and/or related to a policy of insurance issued by the Plaintiffs.

E. The Trial Court Relied Upon Factual Information Not in the Record to Support its Flawed Conclusion.

8

POINT II

The Trial Court Erred by Granting Defendants'
Summary Judgment Motions, Dismissing Plaintiffs'
Common Law Fraud Claims.

A. The Trial Court Erred In Dismissing Plaintiffs' Common
Law Fraud Claims in Arbitration Award Cases.

B. The Trial Court Erred in Dismissing Plaintiffs' Common
Law Fraud Claims in Settled Cases Without Fee
Certifications.

POINT III

The Trial Court Erred by Granting Defendants'
Summary Judgment Motions, Dismissing Plaintiffs'
Claims for Unjust Enrichment and Costs.

POINT IV

The Trial Court Erred by Denying Plaintiffs' Motion for
Reconsideration.

A. Standard of Review for Reconsideration.

B. The Court Abused its Discretion and the Court's Decision
Was Against the Interests of Justice.

We review a trial court's grant of summary judgment de novo, applying

the same standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346

(2017). Summary judgment must be granted "if the pleadings, depositions,

answers to interrogatories and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact challenged and

A-1886-20

that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).

Further, we review the decision of a motion for reconsideration for an abuse of discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). Reconsideration should only be granted in "those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Id. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Therefore, we have held that "the magnitude of the error cited must be a game-changer for reconsideration to be appropriate." Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010).

Pursuant to N.J.S.A. § 17:33A-4

> a. A person or a practitioner violates this act if he:
>
> > (1) Presents or causes to be presented any written or oral statement as part of, or in support of or opposition to, a claim for payment or other benefit pursuant to an insurance policy or the "Unsatisfied Claim and Judgment Fund Law," P.L.1952, c.174 (C.39:6-61 et seq.), knowing that the statement contains any false or misleading

information concerning any fact or thing material to the claim; or

(2) Prepares or makes any written or oral statement that is intended to be presented to any insurance company, the Unsatisfied Claim and Judgment Fund, or any claimant thereof in connection with, or in support of or opposition to any claim for payment or other benefit pursuant to an insurance policy or the "Unsatisfied Claim and Judgment Fund Law," P.L.1952, c.174 (C.39:6-61 et seq.), knowing that the statement contains any false or misleading information concerning any fact or thing material to the claim; or

(3) Conceals or knowingly fails to disclose the occurrence of an event which affects any person's initial or continued right or entitlement to (a) any insurance benefit or payment or (b) the amount of any benefit or payment to which the person is entitled;

(4) Prepares or makes any written or oral statement, intended to be presented to any insurance company or producer for the purpose of obtaining:

> (a) a motor vehicle insurance policy, that the person to be insured maintains a principal residence in this State when, in fact, that person's principal residence is in a state other than this State; or

11

(b) an insurance policy, knowing that the statement contains any false or misleading information concerning any fact or thing material to an insurance application or contract;

(5) Conceals or knowingly fails to disclose any evidence, written or oral, which may be relevant to a finding that a violation of the provisions of paragraph (4) of this subsection a. has or has not occurred; or

(6) Prepares, presents or causes to be presented to any insurer or other person, or demands or requires the issuance of, a certificate of insurance that contains any false or misleading information concerning the policy of insurance to which the certificate makes reference, or assists, abets, solicits or conspires with another to do any of these acts. As used in this paragraph, "certificate of insurance" means a document or instrument, regardless of how titled or described, that is, or purports to be, prepared or issued by an insurer or insurance producer as evidence of property or casualty insurance coverage. The term shall not include a policy of insurance, insurance binder, policy endorsement, or automobile insurance identification or information card.

Nothing in the IFPA describes attorney's fees as a benefit or claim pursuant to a policy. Instead, as the judge found, attorney's fees are authorized

12

by statute as a penalty for an insurer's wrongful non-payment of a claim. The judge stated:

> Pursuant to N.J.S.A. 39:6A-5.2(g), the costs of the proceedings shall be apportioned by the DRP [dispute resolution professional] and the award may include reasonable attorney's fees for a successful claimant in an amount consonant with the award. Where attorney's fees for a successful claimant are requested, the DRP shall make the following analysis consistent with the jurisprudence of this State to determine reasonable attorney's fees, and shall address each item below in the award:
>
>> 1. Calculate the "lodestar," which is the number of hours reasonably expended by the successful claimant's counsel in the arbitration multiplied by a reasonable hourly rate in accordance with the standards in Rule 1.5 of the Supreme Court's Rules of Professional Conduct . . . .
>>
>>> i. The "lodestar" calculation shall exclude hours not reasonably expended;
>>>
>>> ii. If the DRP determines that the hours expended exceed those that competent counsel reasonably would have expended to achieve a comparable result, in the context of the damages prospectively recoverable, the interests vindicated, and the underlying statutory objectives, then the DRP shall reduce the hours expended in the "lodestar" calculation accordingly; and
>>> iii. The "lodestar" total calculation may also be reduced if the claimant has only achieved partial or limited success and the

DRP determines that the "lodestar" total calculation is therefore an excessive amount. If the same evidence adduced to support a successful claim was also offered on an unsuccessful claim, the DRP should consider whether it is nevertheless reasonable to award legal fees for the time expended on the unsuccessful claim.

2. DRPs, in cases when the amount actually recovered is less than the attorney's fee request, shall also analyze whether the attorney's fees are consonant with the amount of the award. This analysis will focus on whether the amount of the attorney's fee request is compatible and/or consistent with the amount of the arbitration award. Additionally, where a request for attorney's fees is grossly disproportionate to the amount of the award, the DRP's review must make a heightened review of the "lodestar" calculation described in (e)1 above.

Guided by these principles, we reject Allstate's argument that the judge erred in dismissing its IFPA violation claims. In his opinion Judge Swift reasoned,

a prerequisite for a violation under the [IFPA] is a claim for payment relating to an insurance policy. Each section states that a claim for benefits pursuant to a policy of insurance is required. Allstate's claim under the IFPA fails in this regard. The payments made to Legome result from a specific legislative-administrative code penalty for failing to pay a first-party claim. N.J.A.C. 11:3-5.6(e) authorizes the payment to Legome, not a provision or claim under that insurance policy. In fact, when challenged at oral

14

argument, Allstate admitted that there is no policy provision that authorizes this payment. It is a function of statute, not contract. It is a penalty for failing to pay a legitimate claim authorized by the Code. It is similar and analogous to R. 4:42-9(a)(6) that authorizes attorney's fees in successful actions upon a first-party liability or indemnity claim. It is a penalty imposed designed to encourage the payment of legitimate claims by the insurer. The policy itself does not permit the payment of the fees, so it is not a claim for payment pursuant to a policy of insurance, and therefore the IFPA cannot apply.

[see also N.J.S.A. 39:6A-5.2(g).]

As the judge aptly found, the payments were not made as a benefit pursuant to an insurance policy as contemplated by IFPA, but as a penalty against Allstate pursuant to N.J.A.C. 11:3-5.6(e). In that regard, the attorney-fee payments are not mentioned in the insured's policy. Nor do they diminish the available PIP coverage to the insured, unlike payments to a successful provider or insured, which are paid out of the PIP coverage until the policy limit is exhausted. Furthermore, as the judge said, defendants were never paid what they asked for. Since it is undisputed that Legome was always paid a reasonable amount, which was determined by the arbitrator's evaluation as established in the Code or by agreement of an Allstate adjuster, there was no harm to Allstate.

We also reject Allstate's argument that the judge improperly dismissed its fraud claims. "To establish common-law fraud, a plaintiff must prove: '(1) a

15

material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.'" Banco Popular N. Am. v. Gandi, 184 N.J. 161, 172-73 (2005) (quoting Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997)). "Fraud is not presumed; it must be proven through clear and convincing evidence." Stochastic Decisions, Inc. v. DiDomenico, 236 N.J. Super. 388, 395 (App. Div. 1989).

For claims that involved a completed arbitration in which a fee certification was submitted to the arbitrator for consideration, Judge Swift properly dismissed those claims, reasoning that

> Legome's fee certification was submitted to the arbitrator in the cases that were not settled. The only person who relied upon the certifications was the arbitrator (to the extent that they did), not Allstate. In those cases, there was not reliance on the fee certification by this plaintiff when an award of fees was made. Allstate[] obviously had the ability to contest the extent of the fees requested, and had the ability to appeal those attorney's fees awarded if they felt aggrieved in some manner. B[ut] to somehow suggest in those cases they detrimentally relied upon the inflated fee certifications stretches the facts. The fraud, if any, is upon the tribunal, not the plaintiff.

We agree with Judge Swift's reasoning. The arbitrator serves as a gatekeeper to ensure the insured's treatment was medically necessary and causally related to the accident. If the claimant succeeds in making that showing, then the claimant is a prevailing party entitled to a fee. The arbitrator then serves an additional gatekeeping function by assessing the fee certification and awarding a reasonable fee based on the statutory factors set forth in N.J.S.A. 39:6A-5.2(g). Allstate does not contend the arbitrators failed to discharge their prescribed duties, nor does it contend any of the fees actually awarded and paid were unreasonable. Any dismissal of the extent of the ability of the arbitrator, a full-time professional, to adequately assess reasonableness appears unfounded. Therefore, with respect to completed arbitrations, Allstate's fraud claims fail for lack of reliance and no showing of damages.

For the same reasons, we find the judge was correct in dismissing Allstate's unjust enrichment claim. "The doctrine of unjust enrichment rests on the equitable principle that a person shall not be allowed to enrich himself [or herself] unjustly at the expense of another." Assocs. Com. Corp. v. Wallia, 211 N.J. Super. 231, 243 (App. Div. 1986). To prevail on a claim for unjust enrichment, a plaintiff must demonstrate that the defendant "received a benefit" from him or her and that "retention of that benefit without payment would be

A-1886-20

unjust." <u>VRG Corp. v. GKN Realty Corp.</u>, 135 N.J. 539, 554 (1994). A plaintiff must additionally "show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." <u>Ibid.</u>

As Judge Swift correctly noted in his opinion,

> [i]n each and every successful PIP claim made, Legome was entitled to a fee. In every one of the cases in which a fee request was made, Legome received a fee far less than what was requested. In every one of the cases, he earned a fee, therefore no unjust enrichment exists. Moreover, the employees of the law firm received no direct benefit from the plaintiff, only the firm itself.

Simply put, Allstate could not succeed on its claim because it failed to provide any evidence that demonstrated that defendants received more than what they were entitled to: a reasonable fee.

Judge Swift also properly dismissed claims that were settled without a fee certification because "[t]he parties simply agreed upon a fee based presumably upon a standard or commonly awarded fee for which the PIP adjuster and Legome were unquestionably familiar." It is undisputed that Legome was entitled to a fee in all cases which he prevailed. In a negotiated fee without a certification, there is simply a demand and a counteroffer. The same concerns that arise from a fee certification that contains inflated or false entries simply

A-1886-20

do not apply where no certification exists. The thoroughness of the judge's analysis is demonstrated by the fact that he did not dismiss the cases where a certification was presented to an Allstate adjustor, rather than an arbitrator. Judge Swift correctly distinguished that category of case because there was potentially direct reliance on the certifications by Allstate itself.

To the extent we have not addressed Allstate's remaining arguments, we find they lack sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1886-20