**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3096-24

GARY GRIESER,

    Plaintiff-Appellant,

v.

ALLISON GLASS and HUNTER
GLASS, and ALL PARTIES
CLAIMING ANY RIGHT, TITLE
OR INTEREST IN PROPERTY
LOCATED AT 3 OCEAN
AVENUE, MONMOUTH BEACH,
NEW JERSEY, BLOCK 50, LOTS
14 and 14.01,

    Defendants-Respondents.

_____

        Submitted February 3, 2026 – Decided April 20, 2026

        Before Judges Chase and Augostini.

        On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. C-000186-24.

        Gary Grieser, self-represented appellant.

Finestein & Malloy, LLC, attorneys for respondents (Russell M. Finestein and Daniel L. Finestein, on the brief).

PER CURIAM

Plaintiff Gary Grieser appeals from the March 3, 2025 order denying his motion to amend his complaint and dismissing it with prejudice, and from the April 14, 2025 order denying reconsideration. Having reviewed both orders and the supporting decision, we affirm substantially for the reasons set forth in Judge Mara Zazzali-Hogan's comprehensive written opinion.

The parties are fully familiar with the underlying facts, procedural history, and prior litigation. Only a brief summary is necessary for resolving the issues before us. The property at the center of this appeal is located on Ocean Avenue, Monmouth Beach (property). In 1996, plaintiff owned the property. In 2001, he lost the property in a sheriff's sale to satisfy a default judgment.

Plaintiff contested the sale by filing "an order to show cause to stay the sale and vacate the default judgment." MMU of N.Y. v. Grieser (Grieser II), 415 N.J. Super. 37, 41 (App. Div. 2010). The trial court denied Grieser's relief and we affirmed the order. Ibid. (citing MMU of N.Y. v. Grieser (Grieser I), No. A-4441-00T1 (App. Div. May 3, 2002)).

2

A-3096-24

After plaintiff lost title to the property, it was transferred several times. MMU purchased the property at the sheriff's sale. Id. at 41. In 2002, MMU conveyed title to Anil and Rajni Monga; in 2012, the Mongas conveyed title to the Sean Monga Trust (the Trust); and in 2022, the Trust conveyed title to the present owner, defendant Allison Glass.[1]

On November 17, 2024, plaintiff filed a complaint seeking to quiet title to the property and "void prior conveyances and foreclosure proceedings based on fraud upon the court and invalid assignments." On March 1, 2025, defendant moved to dismiss the complaint for failure to state a claim under Rule 4:6-2(e).

Following oral argument on February 28, 2025, Judge Zazzali-Hogan reserved decision. On March 3, 2025, the judge granted defendant's motion to dismiss the complaint with prejudice and denied plaintiff's motion to file an amended complaint. In a thorough written decision, the judge found that plaintiff's complaint failed to plead any facts to sustain the cause of action to quiet title. Pursuant to N.J.S.A. 2A:62-1, plaintiff must be in "peaceable possession of lands" in order to bring a quiet title action. By his "own submissions," the court found he "has not been in possession of the property in

---

[1] Allison's husband, Hunter Glass was named as a defendant although he has no ownership interest in the property.

twenty-five years." Plaintiff offered no evidence to support an action to quiet title, and his complaint failed to "raise [any] cognizable claim against [] defendant." Therefore, the judge dismissed the complaint with prejudice.

For the sake of completeness, the judge addressed defendants' alternative grounds for dismissal, finding that plaintiff's complaint was barred based on the entire controversy doctrine, the doctrines of collateral estoppel, res judicata, and laches. The judge found that plaintiff's complaint failed "as a matter of law . . . in light of the fact that the causes of action were already litigated, with final judgments on the merits that cannot be disturbed."

The judge also rejected plaintiff's claim of "newly discovered evidence" of "fraud" and "misrepresentation." As the judge noted, it was "unclear why the information plaintiff alleges to be new evidence was not uncovered earlier." In the meantime, "title to the property at issue ha[d] been conveyed three times since the last litigation."

The judge correctly denied plaintiff's motion to amend his complaint for three reasons: (1) futility because "there [did] not appear to be any avenue by which plaintiff could cure the [complaint's] defects"; (2) significant prejudice would ensue; and (3) no proposed pleading was attached as required by Rule 4:9-1. As memorialized in the April 14, 2025 order, the judge properly denied

4

plaintiff's motion for reconsideration because he did not demonstrate that "the court expressed its decision upon an incorrect or irrational basis, nor that the court failed to appreciate [any] competent evidence."

We also reject plaintiff's contention that the judge should have granted his motion for reconsideration of her denial his motion to amend his complaint and its dismissal with prejudice for failing to state a claim. Reconsideration is a matter within the sound discretion of the court. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). "It is not appropriate merely because a litigant is dissatisfied with a prior ruling or wishes to reargue a motion[.]" Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010). Instead, reconsideration should be limited to those cases "in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

Having conducted the appropriate review of both orders and the supporting written opinion, we discern no error in the judge's decision to dismiss the complaint or abuse of discretion in denying the motions to amend or for

A-3096-24

reconsideration.  We affirm essentially for the reasons thoroughly explained by Judge Zazzali-Hogan.  In short, plaintiff's arguments lack merit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

6

A-3096-24